# Shelton *v.* Aultman & Taylor Company.

*Bill in Equity for Foreclosure of Mortgage; Cross-Bill by Wife for Cancellation, and to establish Resulting Trust.*

1. *Mortgage of homestead; voluntary signature and assent of wife.*—In a mortgage of the homestead, it is not necessary that the name of the wife shall appear in the body of the instrument, when it is subscribed thereto, and a proper certificate of acknowledgment is appended.

2. *Same; certificate of acknowledgment by clerk of probate judge.*—The clerk of the probate judge has authority to take and certify, in the name of the judge, an acknowledgment by a married woman of her voluntary signature and assent to a mortgage of the homestead.

3. *Conclusiveness of certificate; parol evidence assailing.*—When the certificate of acknowledgment, appended to a mortgage of the homestead, is in proper form, parol evidence can not be received, in the absence of fraud or imposition, to show that it is untrue in fact—that the wife was not examined separate and apart from her husband.

4. *Estoppel by signature.*—When the wife's name, as signed to a mortgage of the homestead, appears to be *S. E. Shelton*, and the officer certifies that she was personally known to him to be the wife of the grantor, she can not be heard to deny that it is her true name.

5. *Resulting trust in favor of wife, in lands purchased by husband; sufficiency of evidence to establish.*—A resulting trust in favor of the wife, as against the creditors of the husband, in lands purchased by him at a sale made by the administrator of her father's estate, on the ground that, though the title was taken in the name of the husband, the purchase was made for her benefit, and the money paid with her funds, will not be declared without averment and proof as to the sources from which the money was derived, and when and how paid.

6. *Stipulation in mortgage for payment of attorney's fees.*—A stipulation in a mortgage for the payment of reasonable attorney's fees, if necessary to resort to a suit to foreclose or to collect the money, does not render the mortgage usurious.

APPEAL from the Chancery Court of Lawrence.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 16th August, 1884, by the Aultman & Taylor Company, a foreign corporation, against Andrew J. Shelton and his wife; and sought to foreclose a mortgage on a tract of land containing about 200 acres, and also on certain machinery, which the complain-

ant had sold to said Shelton, the mortgage being given to secure the notes for the purchase-money. A copy of the mortgage was made an exhibit to the bill, and the original was sent to this court for inspection, by order of the chancellor. The name of Mrs. Shelton nowhere appeared in the body of the instrument, but the name of S. E. Shelton was subscribed to it beneath that of said A. J. Shelton; and a certificate of acknowledgment was appended to it, which purported to be made by the judge of probate, and which thus stated the acknowledgment on private examination: "And I do hereby certify, that on said 10th day of November, 1881, came before me the within named S. E. Shelton, known to me to be the wife of the said A. J. Shelton, who, being by me examined separate and apart from her husband, touching her signature to the within mortgage, acknowledged that she signed the same of her own free will and accord, and without fear, constraint, or threats of the husband." Mrs. Shelton, in her answer, alleged that her name was Lucinda E.; and the bill was afterwards amended by making this change in her name. She also claimed a homestead in 160 acres of the land, and assailed the validity of the mortgage on several grounds; alleging that she was never examined separate and apart from her husband, and that the certificate of acknowledgment was in fact made by the clerk of the probate judge, who had no authority to make it. She also filed a cross-bill, alleging that the land was in fact bought for her by her husband, at the sale of the lands belonging to her father's estate, and was paid for with her funds; and praying that a resulting trust might be declared in her favor, and the mortgage cancelled as to the land so bought. The chancellor overruled all the defenses, and rendered a decree for the complainant, on final hearing on pleadings and proof; and his decree is now assigned as error.

W. P. CHITWOOD, for the appellants.

J. C. KUMPE, contra.

CLOPTON, J.—The mortgage, for the foreclosure of which the bill is filed, is assailed, as an operative conveyance of the homestead, on several grounds, touching the official certificate of acknowledgment. The name of the wife need not appear in the body of the conveyance, for the purpose of alienating the homestead. The statute does not require her to unite in a conveyance of the title. Her voluntary assent and signature, sworn and certified to in the

prescribed form and mode, are the statutory requisitions. Her name need not appear otherwise than by her signature to the conveyance.—*Hood v. Powell*, 73 Ala. 171. And by the settled construction of the statute, the clerk of the judge of probate may take the acknowledgment, and make the necessary certificate, in the name of the judge.—*Halso v. Seawright*, 65 Ala. 431.

The official certificate states, that the wife was examined separate and apart from the husband, and acknowledged that she signed the mortgage of her own free will and accord, and without fear, constraint, or threats of her husband. The certificate is in proper and sufficient form, substantially complying with the statute. It was proposed, however, to show its falsity in this respect, without allegation or proof of fraud or imposition; and the evidence tends to show that, in fact, there was no privy examination of the wife. In *Miller v. Marx*, 55 Ala. 322, where the question related to the volutary signature and assent of the wife, it was ruled, that the official certificate, when substantially conforming to the statute, is conclusive, in the absence of impeachment by proof of fraud or imposition practiced towards her—by some fraudulent combination between the parties interested, and the officer taking the acknowledgment. And in *Downing v. Blair*, 75 Ala. 216, where the effort was to impeach the official certificate by parol evidence showing that the wife was not examined separate and apart from her husband, the same ruling was applied, and the evidence held inadmissible. In *Barnett v. Proskauer*, 62 Ala. 486, it was said, that the official certificate, conforming substantially to the statute, is presumed to be true, but may be contradicted, and that parol evidence is admissible to falsify it, when the true issue is limited to the fact of *execution*. The principle of the decision is, that as it can be shown that the subscribing witnesses have testified falsely, or are mistaken, or that the witnesses called to prove the handwriting of the grantor have no knowledge thereof, or erred in supposing it to be genuine; so also the certificate of acknowledgment or probate, which takes the place of proof by the subscribing witnesses, or of the handwriting of the grantor, may be disproved as to the execution of the conveyance.

It is now insisted, that the decisions cited, sustaining the conclusive character of the certificate, are erroneous, and should be overruled. The position is, that as the officer, in taking and certifying the acknowledgment of conveyances, acts in a ministerial capacity, as held in *Halso v. Seawright, supra,* parol evidence should be admitted to falsify the certificate in any and every respect, on the authority of *Russell v.*

*State*, 77 Ala. 89. In the latter case, we held that, when the official act is ministerial, evidence is admissible to show *want of authority*. The licensee knew that he had procured the license by evasion, and in violation of law, without having made the statutory affidavit, which was requisite to authority to grant the license; and the rights of third persons were not involved. The proposition here is, not to show want of authority to make the certificate, but, conceding the authority, to show that the certificate is false in respect to the examination of the wife. The rule settled by the decisions is, that as to all matters, except the *execution* of the conveyance, the certificate, when substantially conforming to the statute, is conclusive, unless impeached by allegation and clear proof of fraud or imposition practiced on the wife, in which the officer or grantee participated.—*Moog v. Strang*, 69 Ala. 98. Whatever may be the capacity in which the officer acts, the rule as established may now be regarded as a rule of property, which it would be unwise and unsafe to disturb.

It appears from the original mortgage, which, by order of the chancellor, has been sent for our inspection, that the name of "S. E. Shelton" is signed thereto. The officer certifies that S. E. Shelton, whose name is signed to the mortgage, and who acknowledged its execution, is known to him to be the wife of the mortgagor. Its execution by her is not controverted. Though her real name may be *Lucinda E. Shelton*, the certificate sufficiently identifies the wife of the mortgagor as the person making the acknowledgment, and who affixed her signature to the mortgage. A person, executing a conveyance by a certain name, will not be permitted to take advantage of the fact that it is not his true name.

The averments of the cross-bill are not sufficiently definite and precise, and the proof is not sufficiently clear and convincing, to support and enforce a resulting trust in favor of the wife. There is neither averment nor proof, how much of the purchase-money of the land was paid out of her distributive share of her father's estate, or from what source or whom the balance was derived, or how or when paid. *Tilford v. Torrey*, 53 Ala. 120; *Mo. Life Ins. Co. v. Randall*, 71 Ala. 220; *Bailey v. Irwin*, 73 Ala. 505; *McCall v. Rogers*, 77 Ala. 349.

An agreement to pay reasonable attorney's fees, in the event the mortgagee has to resort to a suit to foreclose the mortgage, or to collect the money, in addition to legal interest, is not usurious.—*Munter v. Linn*, 61 Ala. 492; 1 Jones on Mort., § 635; 2 *Ib.* § 1606.

Affirmed.