# Grider *v.* American Freehold Land Mortgage Co.

*Bill in Equity for Cancellation of Mortgage.*

1. *Husband and wife as parties.*—When the legal title to the homestead is in the husband, the wife can not properly be joined with him in a bill which seeks the cancellation of a mortgage of the land on the ground that it was not acknowledged by her on separate examination as by law required.

2. *Mortgage of homestead; acknowledgment by wife; conclusiveness of officer's certificate.*—When a mortgage, or other alienation of the homestead, is signed by husband and wife, and a certificate of acknowledgment, in due form, is appended by an officer authorized to take it, the certificate is conclusive as to the facts stated, unless impeached by proof of fraud or duress, in which the grantee participated, or of which he had knowledge or notice before he parted with the consideration; but, if there was in fact no appearance before the officer, or no acknowledgment whatever before him, that fact may be shown in avoidance of the certificate, and it renders the instrument void, even if the grantee is a purchaser for value without notice.

3. *Offer to do equity.*—When a mortgage is given for money borrowed, and the mortgagor afterwards seeks to cancel it as a cloud on his title, on account of defects in its execution or acknowledgment, he must offer in his bill to do equity by refunding the money, with lawful interest.

Appeal from the Chancery Court of Bullock.

Heard before the Hon. John A. Foster.

The bill in this case was filed on the 30th March, 1892, by Wiley M. Grider and his wife, Mrs. Mary R. Grider, against the American Freehold Land Mortgage Company of London, a foreign corporation, and the Loan Company of Alabama, a domestic corporation; and sought to enjoin a sale of certain lands, claimed by the complainants as their homestead, under powers of sale contained in two mortgages executed by them, one to each of the defendant corporations, and to

| 99 | 281 |
| 99 | 322 |
| 99 | 281 |
| 102 | 244 |
| 99 | 281 |
| 105 | 349 |
| 99 | 281 |
| 107 | 371 |
| 108 | 261 |
| 109 | 551 |
| 110 | 408 |
| 99 | 281 |
| 115 | 426 |
| 99 | 281 |
| 118 | 562 |
| 119 | 182 |
| 99 | 281 |
| 121 | 577 |
| 99 | 281 |
| 124 | 667 |
| 124 | 669 |
| 99 | 281 |
| 126 | 317 |
| 99 | 281 |
| 128 | 681 |
| 99 | 281 |
| 135 | 357 |

[Grider v. American Freehold Land Mortgage Co.]

cancel the mortgages as a cloud on the title to the homestead lands. A copy of each of the mortgages was made an exhibit to the bill. The mortgage to the American Freehold Land Mortgage Company was given for money borrowed, as evidenced by several promissory notes signed by said Grider and his wife, and conveyed a tract of land containing 620 acres, embracing the 160 acres here claimed as homestead; contained a power of sale on default, and a covenant that said Grider was seized of an estate in fee simple in the lands. It purported to have been executed on the 3d October, 1890, and was attested by two witnesses; and to it were appended two certificates by M. F. McLendon, a justice of the peace, each dated October 9th, 1890; one being in the usual form for an acknowledgment of a deed by husband and wife, and the other an acknowledgment by the wife on separate examination apart from her husband. The mortgage to the Loan Company of Alabama conveyed the same tract of land, and purported to have been executed on the 9th October, 1890; and to it were appended two certificates by the same justice of the peace, dated on that day, and in the same form as the former mortgage. The bill asked relief against each of these mortgages only as to the 160 acres of land claimed as a homestead, and on the ground that Mrs. Grider never appeared before the justice of the peace, and never made any acknowledgment of her signature before him; and further, that she never signed the mortgage to the Loan Company of Alabama.

The American Freehold Land Mortgage Company demurred to the bill, (1) because Mrs. Grider was improperly joined as a complainant with her husband; (2–8) because the bill showed that the defendant corporation was a *bona fide* purchaser for value without notice, and the facts alleged were not sufficient to avoid the mortgage as to such purchaser; (9) because the bill contained no offer to do equity, by refunding the money borrowed, with interest. The Loan Company of Alabama also demurred to the bill, on the ground that Mrs. Grider was improperly joined with her husband as complainant. The court sustained the demurrer on all the grounds except the last, which was not noticed; and its decree is now assigned as error by the complainants.

Tompkins & Troy, and D. S. Bethune, for appellants.— (1.) Under the allegations of the bill, the mortgages never had any legal validity, and could confer no rights even on an innocent purchaser for value without notice; nor could any

[Grider v. American Freehold Land Mortgage Co.]

estoppel arise under them, any more than from a forged instrument.—*Halso v. Seawright*, 65 Ala. 43 ; *Alford v. Lehman*, 76 Ala. 526; *Crim v. Nelms*, 78 Ala. 604; *Allen v. Lenoir*, 53 Miss. 321; *Michener v. Cavender*, 38 Penn. St. 334; *Smith v. Ward*, 1 Amer. Dec. 80; *Dodge v. Hollinshead*, 80 *Ib.* 433; *Pickens v. Knisely*, 6 Amer. St. 622, and cases cited in note on p. 643. (2.) The wife had such an interest in the lands as authorized her joinder with her husband.— *Vancleave v. Wilson*, 73 Ala. 387; *Lehman, Durr & Co. v. McGehee*, decided by special court composed of Judges SOMERVILLE, MCCLELLAN and THORINGTON. (3.) Other supposed defects in the bill, if any, are not presented by the assignments of error.

G. L. COMER, and NORMAN & SON, *contra.*—(1) Mrs. Grider was not a proper party complainant.—*Seamen v. Nolen*, 68 Ala. 463; *Vancleave v. Wilson*, 73 Ala. 387; *Skinner v. Chapman*, 78 Ala. 376. (2) Under the allegations of the bill, the defendants are to be regarded as purchasers for a valuable consideration without notice, and the certificate of the justice is conclusive of the facts therein stated—82 Ala. 318; 91 Ala. 374; 70 Ala. 357; 75 Ala. 216; 55 Ala. 338; 87 Ala. 589; 66 Ala. 600; 61 Ala 246; 69 Ala. 102; 5ᶓ Ala 211. (3) The mortgagors seeking equity should offer to do equity.—61 Ala. 514; 15 Ala. 51, 501.

HEAD, J.—Though, technically, the averment of the bill proper would seem to lay the ownership of the homestead, upon which the mortgages mentioned are alleged to cast the clouds sought to be removed, in the complainants, W. M. Grider, and his wife, jointly, yet in connection with the exhibits, we think it is intended to aver that the lands are the property of the husband solely. It is so treated in the argument of counsel on both sides, and so we will consider it. It is a case, then, of a wife joining in a bill with the husband, to remove a cloud from the title of the latter's homestead. The objection of misjoinder of complainants is raised by demurrer, and we are of opinion it is well taken, and that the bill cannot be maintained with Mrs. Grider as a party complainant. Having no title, legal or equitable, she has no standing in court to obtain such relief. *Seaman v. Nolen*, 68 Ala. 463. *Vancleave v. Wilson*, 73 Ala. 387, is not an authority to the contrary. It may be, that, if the title to the homestead is clouded, whereby the wife may suffer injury by the probable loss of its use and enjoyment as a homestead, and the husband refuses to take the necessary

steps to have the clouds removed, she will be permitted, by virtue of her incidental interests in the land, as wife and member of the owner's family, to come into equity to have the title of the husband made clear. *Seaman v. Nolen, supra.* But such is not the scope or purpose of this bill. The husband is now seeking all the relief she could ask, and improperly joins her with him in the effort to obtain that relief. The demurrer for misjoinder was properly sustained.

An important question arising in this case is, what conclusiveness shall be accorded to the certificate of acknowledgment of the execution of a mortgage, made in due form, by an officer authorized by the laws of this State to take and certify such acknowledgments? The bill avers that Mrs. Grider, the wife, although she signed with her husband the mortgage to the American Freehold Land Mortgage Company of London (Limited), and although there is appended to the mortgage the certificate, in due form, of a justice of the peace, certifying her due acknowledgment of its execution; yet, in fact, she never made the said acknowledgment before said justice, or any other acknowledgment before any officer; that the justice of the peace was not present when she signed the mortgage, and never took any acknowledgment from her with reference to the execution of the same, and that said certificate of acknowledgment is wholly untrue. There is, in the bill, no charge of fraud or collusion on the part of any one, in procuring the certificate; and upon the averments, as we find them, it must be assumed that the mortgagee took the mortgage and parted with its money in reliance upon the truth of the certificate, without any notice of its falsity. The complainants contend that they are entitled to show the fact alleged to avoid the mortgage of the homestead, even against a *bona fide* mortgagee without notice. The defendant contends that they are concluded by the certificate.

It must be regarded as settled by the great weight of authority, that when the grantor or mortgagor appears before the officer, and makes an acknowledgment of the execution of the instrument, which is duly certified by the officer to have been made in conformity to law, the certificate is conclusive of the truth of all the facts therein certified, and which the officer was by law authorized to certify, until successfully assailed for duress or fraud in which the grantee or mortgagee participated, or of which he had notice at the time of parting with the consideration. The taking and certifying of the acknowledgment are held in many of the cases to be of a judicial nature, and when

[Grider v. American Freehold Land Mortgage Co.]

the officer has jurisdiction, so to speak, by having the party acknowledging, and the instrument to be acknowledged, before him, and enters upon and exercises this jurisdiction, the parties will not be allowed to impeach the truth of the facts which he is required by law to certify and does certify, in the absence of fraud or duress as above stated.—*London v. Blythe,* 16 Pa. St. 532; *Ib.* 27 Pa. St. 22; *Hall v. Patterson,* 51 Pa. St. 289; *Heeter v. Glasgow,* 79 Pa. St.79; *Miller v. Wentworth,* 82 Pa. St. 280; *Singer Mfg. Co. v. Rook,* 84 Pa. St. 442; *Schrader v. Decker,* 9 Barr, 14; *Williams v. Powers,* 48 Tex 141; *Kocourek v. Marak,* 54 Tex. 201; *Rollins v. Menager,* 22. W. Va. 461; *Henderson v. Smith,* 26 W. Va. 829; *Moore v. Fuller,* 6 Oregon, 272; *Graham v. Anderson,* 42 Ill. 514; *Lickmon v. Harding,* 65 Ill. 505; *Calmut & Co. v. Russell,* 68 Ill. 426; *Kerr v. Russell,* 69 Ill. 666; *Stone v. Montgomery,* 35 Miss. 83; *Miller v. Marx,* 55 Ala. 322; *Cahal v. Citizens' Mutual Building Association,* 61 Ala. 232; *Moog v. Strang,* 69 Ala. 98; *Downing v. Blair,* 75 Ala. 216; *Griffith v. Ventress,* 91 Ala. 366; *Shelton v. Aultman & Taylor Co.,* 82 Ala. 315.

In *Halso v. Seawright,* 65 Ala. 431, however, where the question was, whether the clerk of a probate judge was authorized to take and certify an acknowledgment, the act was held to be of a ministerial and not judicial nature, and that, therefore, the clerk was authorized; but in the later case, of *Griffith v. Ventress, supra,* this court, without referring to *Halso v. Seawright,* declared it to be a judicial act, and this may now be regarded as the settled doctrine of this court. In *Shelton v. Aultman & Taylor Co., supra,* it was contended by counsel, upon the authority of *Halso v. Seawright,* that the decisions sustaining the conclusive character of the certificate should be overruled; arguing that as the officer acts in a ministerial capacity, as held in *Halso v. Seawright,* parol evidence should be admitted to falsify the certificate in any and every respect; but the court, speaking by Justice CLOPTON, said, that whatever may be the capacity in which the officer acts, the rule as established may now be regarded as a rule of property, which it would be unwise and unsafe to disturb.

It must, therefore, as we have said, be considered as settled, that where the grantor has appeared before the officer, and an acknowledgment of some kind has been taken, the certificate of the officer in due form, whether he acts ministerially or judicially, is conclusive of the facts certified, and which he is by law authorized to certify; but the same may be impeached for duress or fraud in which the grantee or

[Grider v. American Freehold Land Mortgage Co.]

mortgagee participated, or had notice of before parting with his money.

We have examined a great many authorities, and find only the following wherein the question we are now called upon to decide—viz., what effect shall be accorded to the officer's certificate, when the allegation is that the party never in fact appeared before the officer, or made any acknowledgment at all—was raised or adjudicated.

In *Michener v. Cavender*, 38 Pa. St. 334, the officer certified to the wife's acknowledgment. She in fact never appeared before him, or acknowledged the mortgage in any manner. The mortgagee was innocent. The court, recognizing the general rule above stated, in cases where there was an actual acknowledgment, ruled that the wife was not bound by the certificate, and discussed at some length the rights in such a case of the mortgagee, as a *bona fide* purchaser without notice. The judge said, *inter alia*, "To call the mortgagee a *bona fide* purchaser, and put her to proof that he knew she had been cheated, would be like making her right to reclaim stolen goods dependent on the receiver's knowledge of the felony. Suppose the mortgage was a forgery out and out, and Cavender chose to invest his money in a purchase of it, must it be enforced because he did not know he was buying a forged instrument? An instrument known to be forged would not be purchased, and would therefore be worthless to the forger. Counterfeit notes would never be issued, if a herald went before to proclaim their spuriousness. But because they are taken without notice, do they become genuine? · · · · · · To carry the doctrine of notice to such extent, would subvert all law and justice. A purchaser of real estate, who finds the deeds in the channels of the title all duly acknowledged, is certainly not required to go up the stream, and inquire of every married woman if she executed her deed voluntarily, and acknowledged it according to law; and if he pay his money on the faith of such title deeds, he is to be protected; and this probably is all that was meant by what judges have said about purchasing without notice."

In *Allen v. Lenoir*, 53 Miss. 321, the wife signed, but never in fact acknowledged the mortgage, or went before the officer, as his certificate affirms she did. Judge Campbell said: "We cannot escape the conclusion, after an earnest effort to avoid it, that the mortgage was never acknowledged by Mrs. Lenoir, and that the certificiate that she had acknowledged it is untrue. A proper acknowledgment is an essential part of the execution of a conveyance of her

[Grider v. American Freehold Land Mortgage Co.]

land by a married woman.  · · · · · ·  The decree, being based on the mortgage, is erroneous." And in *Johnston v. Wallace, Ib.* 331, the same judge adhered to this view, and, upon a review of the authorities, distinguished such a case from the case where an acknowledgment of some kind was made, but assailed because not made, in respect of its details, in the manner required by law.

In *Borland v. Walrath*, 33 Iowa, 130, the wife neither signed nor acknowledged the mortgage, and the court held the certificate, which as to her was in due form, open to attack. The case, however, is unsatisfactory as authority on the point we are considering, since no allusion is made to the question of *bona fides* or notice, on the part of the mortgagee; nor does it appear from the facts that he was a *bona fide* mortgagee without notice of the falsity of the certificate.

In *Smith v. Ward*, 2 Root, 374 (1 Amer. Dec. 80), it was held that parol evidence is admissible to prove that the grantor did not appear before the certifying officer and make acknowledgment; but, like the case last cited, the discussion is meagre, and makes no reference to the rights of *bona fide* purchasers.

In *Meyer v. Gossett*, 38 Ark. 377, the court held, that where there is no appearance before the officer, and no acknowledgment in fact, the officer's false certificate of acknowledgment is void *in toto*; but the distinction was closely drawn, that where there are an appearance and acknowledgment in some manner, the certificate is conclusive of every fact appearing on its face, and evidence of what passed at the time of the acknowledgment is inadmissible to impeach the certificate, except in case of fraud or imposition brought home to the grantee. It appeared that the grantee was a purchaser for value without notice of the falsity of the certificate. That case was adhered to in *Donahue v. Mills*, 41 Ark. 421.

In *Williamson v. Carksadden*, 36 Ohio St. 664, the general rule as to conclusiveness of the certificate is recognized, but the court say: "If it is true, as alleged by the defendants,  · · ·  that they never appeared before the officer, or acknowledged the execution of such mortgage, the certificate of acknowledgment is, as to them, fraudulent; and in availing themselves of that defense, it is not necessary to show that the mortgagee had notice of such fraud. In fact, the governing principle is very broad. Thus, it has been held that in an action on a recognizance, which is regarded as a record, a plea in bar that the defendant did not

acknowledge the recognizance is sufficient; and however it may be as to the right to attack a judgment on the ground that there was no jurisdiction over the person, it is not denied that, in a proper case, a judgment may be directly impeached on that ground."

In *Mays v. Hedges*, 79 Ind. 288, it was held that a certificate of acknowledgment to a deed, made by the officer, merely on the assurance of another that the party executed it, is a nullity.

In *Pickens v. Knisely*, 29 W. Va., 1 (6 Am. St. Rep. 622), we have a very full and ample discussion of this subject, upon a review of the authorities, and the conclusion reached was, that the certificate of acknowledgment of a deed by a married woman may be impeached and avoided, by proving that she never in fact appeared before the officer, or acknowledged the deed to him; and that this rule will be enforced against an innocent purchaser without notice. But, if she appeared before the officer for the purpose of making the acknowledgment, and attempted to do in some manner what the law required to be done, the certificate is conclusive of the facts therein stated, as regards innocent purchasers. In a dissenting opinion, Judge Green took strong ground against this conclusion. He maintained that the act of the officer is judicial, and likened it to the entry of a fine, and said: "It only remains to inquire whether, if the entry on the record book of a court of general jurisdiction, and which court only could enter a fine, was that the married woman personally appeared before the court and acknowledged the fine in the appropriate manner, she could, by parol evidence, contradict this statement on the record book. I think it well settled that she could no more contradict the statement on the record that she personally appeared before the court, than she could contradict the further statement on the same book of such court that she acknowledged the fine in the proper manner."

In line with this dissenting opinion, *Kerr v. Russell*, 69 Ill. 666, held that the statute authorizing certain officers to take the private acknowledgment of a wife to a conveyance, is a substitute for the proceeding at common law by fine and recovery, whereby the rights of the wife, on the one hand, may be guarded, and on the other, the rights, of the grantee may be assured; that, as a fine and recovery at common law was subject to impeachment for fraud, so the certificate of acknowledgment of a deed by a wife may be impeached; but the proof to sustain such a charge must be of the clearest, strongest, and most convincing character,

and by disinterested witnesses; that an innocent purchaser of land has a right to rely upon the record of a deed which shows upon its face that the wife has executed and properly acknowledged the deed with her husband; and the wife will not be allowed to avoid the same, as to such purchasers without notice, by showing her signature to be a forgery, and that she never in fact acknowledged the same. The court, in the opinion, discuss the subject at length, and give strong and cogent reasons for the decision. There are other Illinois cases in support of this: *Graham v. Anderson*, 42 Ill. 514; *Lickmon v. Harding*, 65 Ill. 505; *Calumet & C. C. & D. Co. v. Russell*, 68 Ill. 420.

In *Barnett v. Proskauer*, 62 Ala. 486, the wife neither signed nor acknowledged the mortgage assailed, but the husband, without her knowledge or consent, signed her name and made the acknowledgment. It does not appear whether the mortgagee was a *bona fide* purchaser without notice of the actual non-execution of the mortgage by the wife, and falsity of the officer's certificate, or not. That question was not raised. In the opinion, Brickell, C. J., said: "The certificate of acknowledgment, or proof of probate, taking the places of proof by the subscribing witnesses, or of the handwriting of the grantor, may also be contradicted, and parol evidence is admissible to falsify it. It is an official act, done under the obligation of an official oath, and protected by the presumptions the law necessarily indulges in favor of the acts of its own officers. The burden of proof is on those who assail the verity of the certificate, and it can be successfully impeached only by clear and convincing evidence that the deed was not executed by the grantor, when the issue is limited, as in the present case, to the fact of execution." And it was held the wife was not bound.

In *Cahall & Pond v. Citizens' Mut. Building Asso.*, 61 Ala. 232, it is said, *obiter dictum*, "The certificate of the notary could not be impeached without showing the signature of the wife was forged, or that she was subject to duress, or that fraud was practiced on her, with the knowledge of the grantee."

In *Shelton v. Aultman & Taylor Co.*, 82 Ala. 315, Justice CLOPTON, speaking for the court, construed the language we quoted above from *Barnett v. Proskauer*, 62 Ala. 486, to mean that, as to the *execution of the conveyance*, the certificate may be disproved in all cases; and in the opinion he said: "The rule settled by the decisions is, that as to all matters except the *execution* of the conveyance, the certifi-

cate, when substantially conforming to the statute, is conclusive, unless impeached by allegation and clear proof of fraud or imposition practiced on the wife, in which the officer or grantee participated." In that case, it may be seen, there was no question raised as to the actual signing of the conveyance by the wife, or the total want of an acknowledgment by her. The objection made was, that she was not examined *separate and apart from the husband*; so that the distinction drawn by the judge between the *execution* of the conveyance and other matters, may be said to be *dictum* merely. Moreover, we think the judge misinterpreted the language of *Barnett v. Proskauer*. It was, we think, a mere statement of the burden of proof as to the fact of execution, when that fact was the matter in issue. The language was: "The burden of proof is on those who assail the verity of the certificate, and it can be successfully impeached only by clear and convincing evidence that the deed was not executed by the grantor, when the issue is limited, as in the present case, to the fact of execution."

From the foregoing review of the authorities, we must realize that the question we are called upon to decide is by no means free from difficulty. We know the absolute and implied faith and trust which, in practice, purchasers of real estate repose, and must necessarily repose, in the formal and regular certificates of authorized officers, authenticating the regular and legal execution of conveyances, and the disastrous consequences which may flow from a rule which would allow those certificates to be questioned and set aside against purchasers who have parted with valuable interests in reliance upon them; yet, on the other hand, we perceive the manifest injustice of a rule which would deprive one of his property, without his knowledge or consent, upon the mere baseless fabrication of another.

Under the laws of this State, the official examination and acknowledgment of the wife prescribed by the statute, and duly certified by the officer, are essential and indispensable parts of the valid execution of a conveyance of the husband's homestead. Without them there is no execution of the conveyance. It matters not how formally signed, or abundantly attested, if these statutory requisites are wanting, the conveyance is a nullity. In *Allen v. Lenoir*, 53 Miss., *supra*, the court said: "A proper acknowledgment is an essential part of the execution of a conveyance of her land by a married woman;" and this court in *Griffith v. Ventress*, *supra*, quoted approvingly a similar utterance of

[Grider v. American Freehold Land Mortgage Co.]

the same court in *Harmon v. MaGee*, 57 Miss. 414. The objection to the mortgages, therefore, made by the present bill, essentially is, that they were never *executed*, so far as they affect the homestead.

Upon due consideration, we are of opinion that the better rule, and the one sustained by the weight of authority, is, that when there has been no appearance before the officer, and no acknowledgment at all made, it may be shown in dispoof of the officer's certificate, even against *bona fide* mortgagees and purchasers. We approve the rule as it is stated in 1 Am. & Eng. Encyc. of Law, p. 160, § 6: "When there is no appearance before an officer, his false certificate of acknowledgment is void; but, when there is an appearance and acknowledgment of it in some manner, then the official certificate is conclusive of every fact appearing on its face; and evidence of what passed at the time of the acknowledgment is inadmissible to impeach the certificate, except in case of fraud or imposition, and where knowledge or notice of the fraud or imposition is brought home to the grantee." This must be taken with the qualification, that the certificate is conclusive only of the facts the officer is by law authorized to certify.

What we have said applies with greater force to the mortgage to the Loan Company of Alabama, sought by the bill to be set aside, since the allegation is that that instrument was neither signed nor acknowledged by Mrs. Grider.

It follows that, aside from the misjoinder hereinbefore noticed, there is equity in the bill, upon sufficient allegations, to vacate the two mortgages mentioned, so far as the homestead is concerned, unless the bill is deficient, as insisted in the demurrer, for its failure to offer to do equity, by offering to pay to the mortgagees the amounts received under and by virtue of the mortgages.

We are of the opinion this ground of demurrer is well taken. We held in *American Freehold Land Mortgage Co. v. Sewell*, 92 Ala. 163, and again in *New England Mortgage Security Co. v. Powell*, 97 Ala. 483, that a complainant seeking to cancel, as a cloud on his title, a mortgage executed by him to a foreign corporation, for money loaned, on the ground that the mortgage was void because the corporation had not complied with the laws of this State authorizing it to do business here, or because the mortgage, being governed by the laws of New York, was void for violation of the usury laws of that State, must offer in his bill to repay what he had received under and in faith of the mortgage security, as a condition of the relief sought. We intend to

adhere to that doctrine. We can not assent to the proposition, that a person can obtain another's money upon the faith and assurance of a mortgage security, and the next moment after he receives and appropiates it, go into a court of conscience, where the maxim that he who seeks equity must do equity has ever been vigorously upheld and applied, and ask that court to cancel the security as a cloud on his title, still retaining the money and making no offer to return or repay it. If Grider needs and desires the aid of a court of chancery to clear his title of the void incumbrances, he must offer to repay the money he received, with lawful interest. If he is unwilling to do this, he must stand upon his rights at law. Equity will not help him.

The ground of demurrer last considered, being well taken, should have been sustained.

The chancellor erred in sustaining the demurrer on the ground assigned, that the certificates of acknowledgment were conclusive. The complainants may amend the bill within thirty days, with power in the court below to extend the time, if necessary.

Reversed and remanded.