# American Freehold Land Mortgage Company, Limited, v. James *et al.*

### Bill in Equity to Foreclose Mortgage.

1. *Demurrers to bill; when considered waived.*—When on an appeal the record does not show that any action was taken by the court upon the demurrers to the bill, it will be presumed that the parties waived their right to have the question raised by the demurrers adjudicated.

2. *Alienation of homestead; conclusiveness of officer's certificate of wife's acknowledgment.*—When a mortgage or other conveyance of the homestead is signed by the husband and wife, in the presence of an officer authorized to take acknowledgments, and there is appended to such deed of conveyance certificates of acknowledgment, in due form, by such officer, the certificates are conclusive as to the facts stated therein, unless impeached for fraud or duress; and in the absence of fraud or duress the parties can not impeach the truth of the facts contained therein by parol evidence (*Grider v. Amer. Freehold Land Mortgage Co.*, 99 Ala. 281, and *Giddens v. Bolling*, 99 Ala. 319, modified to the extent they may conflict with the principle here announced.)

3. *Same; same.*—Where it is shown that the officer who made the certificate of acknowledgment to a conveyance of the homestead carried the instrument, first, to the wife, while separate and apart from her husband, and she then and there signed the instrument in the presence of the officer, and that the officer subsequently carried the same instrument to the husband, and he signed the same in his presence, the officer's certificate of the acknowledgment of the husband and wife, in proper form, can not be impeached by parol evidence.

APPEAL from the Chancery Court of Dale.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the complainant, The American Freehold Land Mortgage Company, Limited, against John A. James and his wife, Ella L. James, and the Loan Company of Alabama. The purpose of the bill was to foreclose a mortgage, which had been executed by John A. James and Ella L. James, his wife, to the complainant. It was averred in the bill, that the mortgage was made to secure the payment of money, which had been loaned by the complainant to the respondent, John A. James; that the mortgage was duly executed by the respondents, and that they separately acknowledged their respective execution before a notary public, and that he had attached a certificate of such acknowledgment to the mortgage. The mortgage was made an exhibit to the bill, and contained the certificate of acknowledgment of John A. James, and also the certificate of the separate acknowledgment of the wife, Ella L. James, before J. W. V. Manghen, a notary public. The certificates of acknowledgment were signed by said Manghen in his official capacity. It was also averred in the bill that the respondents, John A. James and his wife, executed a second mortgage to the Loan Company of Alabama, which mortgage stated it was to be subordinate to the one executed to the complainant. The Loan Company of Alabama filed an answer admitting the allegations of the bill, and prayed that its answer be taken as a cross-bill, and its interest be preserved by the court. John A. James and his wife filed separate answers to the original bill and cross-bill, in which they set up the defense that the mortgages were ineffectual to convey so much of the property as was owned and occupied by them at the time of the execution of the mortgage as their homestead, on the ground, that no separate acknowledgment of the wife had been taken as required by law, nor had there been an acknowledgment of the husband taken; and that the certificates of acknowledgment which were attached to the respective mortgages were untrue. The other facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, the chancellor decreed that the mortgages to the original complainant and to the cross-complainant were ineffectual "to divest the title out of the respondents, John A. James and Ella James," as to so much of the property conveyed

[American Freehold Land Mortgage Company v. James *et al.*]

therein which was owned and occupied by them as their homestead. This decree is appealed from, and the same is here assigned as error.

PETTUS & PETTUS and M. E. MILLIGAN, for appellant.—
1. It is settled by the later decisions of this court, that an officer, in taking an acknowledgment, acts in a judicial and not in a ministerial capacity.—*Grider v. Amer. F. L. M. Co.*, 99 Ala. 281.
2. The certificate of acknowledgment of an officer authorized to make it imports verity, and can not be impeached by parol evidence.—*Meyer v. Gossett*, 38 Ark. 377, *Johnston v. Wallace*, 53 Miss. 331; *Lickmon v. Harding*, 65 Ill. 505; *Paul v. Malone & Collins*, 87 Ala. 544.

M. SOLLIE and W. D. ROBERTS, *contra*.

COLEMAN, J.—The complainant filed the present bill to foreclose a mortgage executed by respondents, James and wife, to secure payment of certain promissory notes given by the husband to effect a loan of money. The respondent, the Loan Company of Alabama, answered and by cross-bill prayed for the foreclosure of a second mortgage given by James and wife upon the same land, to secure payment of certain other promissory notes of the husband payable to cross-complainant. The lands mortgaged included the homestead of the husband. There was a demurrer to the original and cross-bill upon the ground, that the wife of James was an improper party. No action was taken by the court upon the demurrer of respondents, James and wife, and we presumed the parties waived their right to have the question adjudicated. On this question, see *Grider v. American Freehold &c. Co.*, 99 Ala. 281.

The only material question is whether there was a sufficient acknowledgment to the mortgage by the husband and wife to make it valid as a conveyance of the homestead. The acknowledgment by the husband and the wife and certificate thereof are in exact accordance with the statute. In the answer of the husband and the separate answer of the wife, the signing of the mortgage is admitted, but each deny making any acknowledgment before the officer, and assert that the averments of the bill and the certificate of the officer in this respect are

wholly untrue.   The character, force and effect of a cer-
tificate of acknowledgment of the execution of a convey-
ance in due legal form, made by a proper officer, is an
adjudicated question in this State.   In the case of *Grif-
fith v. Ventress*, 91 Ala. 366, we held, that in certifying
to an acknowledgment, the officer acted judicially.   In
*Grider v. American Freehold &c. Co.*, 99 Ala. 281, we gave
sanction to the rule, "that when the officer has jurisdic-
tion, so to speak, by having the party acknowledging,
and the instrument to be acknowledged, before him, and
enters upon and exercises this jurisdiction, the parties
will not be allowed to impeach the truth of the facts
which he is required by law to certify, and does certify,
in the absence of fraud and duress."   There is no pre-
tence of fraud or duress practiced on the mortgagor or
his wife in obtaining their signatures to the conveyance.
The evidence is undisputed, and admitted by James and
his wife, that the officer who made the certificate, carried
the instrument first to the wife, who was alone at her
home, and that she then and there signed the instrument
in the presence of the officer, and the officer subsequently
carried the mortgage to the husband, and he signed the
same in his presence.   Both swear that they made no ac-
knowledgment before J. W. V. Manghen as a notary
public, and that he did not ask them to make any ac-
acknowledgment, but that they merely signed the paper
and handed it back to him.   This is their evidence.

It is admitted by the mortgagor and his wife, that each
signed the mortgage in the presence of the person au-
thorized to take acknowledgments, and make certificates
of acknowledgment, and that the wife signed it in his
presence, separate and apart from her husband.   It is
not denied, that if after signing it in his presence, she
had admitted, that she said to him "I signed the deed,"
that would be an admission of an acknowledgment in
such sort, as to preclude her from impeaching the state-
ment certified to by the officer.   We think the distinc-
tion without merit.   She does admit she signed it in his
presence.   The officer had jurisdiction of the parties.   He
had the mortgage with him and had jurisdiction of the
subject matter, as well as of the person at the time and
place, and certified to facts which he had authority to
certify to, and which was his duty to certify to.   We are
of opinion that under the facts, the certificate can not be

[Ross v. Lawson.]

impeached by parol evidence.—*Meyer v. Gossett*, 38 Ark.
377; *Johnston v. Wallace*, 53 Miss. 331; *Scott v. Simons*,
70 Ala. 356; *Shelton v. Aultman*, 82 Ala. 318; *Barnett v.
Proskauer*, 62 Ala. 486; *Miller v. Marx*, 55 Ala. 322; *Grider v. American Freehold &c. Co.*, 99 Ala. 281; *Griffith v.
Ventress*, 91 Ala. 336. If there is any expression in the
opinion of the court in the case of *Grider v. Freehold &c.
Co.*, 99 Ala. 281, *supra*, and *Giddens v. Bolling*, 99 Ala.
319, in conflict with this conclusion, that opinion is modified to the extent of such seeming conflict.

We doubt not the truth of the statement of Mr. James,
who testified that at the time he executed the mortgage
and received the money, he expected to pay it back, and
knew of no defenses until required to pay it, and was
then advised of the defense. The complainant in the
original bill and the cross complainant were entitled to
have their respective mortgages foreclosed, upon all the
lands conveyed to secure the debts, and the court erred
in refusing such relief. The case is reversed, that the
chancery court may proceed as herein indicated.

Reversed and remanded.