# Read *et al.* v. Rowan.

*Bill to Foreclose Deed of Trust.*

1. *Heirs of deceased trustee not necessary parties to bill to foreclose the trust deed.*—Where the trustee in a deed of trust is dead at the time a bill is filed to foreclose the trust deed, neither his heirs nor personal representatives are necessary parties to the bill, as the trust estate does not, at his death, descend to his heirs or pass to his legal representatives.

2. *Promise to pay debt of another.*—A promise verbal, or written, to pay the debt of another, if not founded on a precedent liability, or a new consideration, will not support an action; and when the promise is simply to pay the debt of another it is not binding without being in writing based on a consideration expressed in the writing, and in cases where the original debt is extinguished, or the day of payment postponed, either expressly or by implication, the contract is a new substitutionary, one and binding.

3. *Statute of frauds.*—The grantor in a deed of trust of lands constituting a part of his deceased father's estate, of which he is executor, and belonging under the will to himself and brother, given to secure an advancement of funds with which to purchase his brother's interest and, also, to secure open accounts with the *cestui que trust* against himself and his father, and for future advances, cannot prevent foreclosure on the ground of want of consideration or that the obligation created was within the statute of frauds until he has shown that there were no assets of his father's estate with which to pay the amount of the account against it included in the note.

4. *Admissibility of parol proof to contradict officer's certificate of acknowledgment of deed.*—Where the certifying or acknowledging officer has jurisdiction, which is acquired by having the party acknowledging and the instrument to be acknowledged before him, and he proceeds to exercise his jurisdiction, the certificate, in the absence of fraud or duress, cannot be impeached by parol.

5. *Same; case at bar.*—Where it is shown that the mortgagor and his wife having had the papers read over to them by their own attorney, went, together with him, to the office of the probate judge, for the purpose of having the mortgage executed, and were there left by the attorney alone with the judge, after the latter had been in-

VoL. 107.

[Read *et al.* v. Rowan.]

formed of the object of their visit, parol evidence is not admissible to contradict the certificate of the judge of probate on the mortgage as to the separate examination and acknowledgment of the wife apart from the husband.

APPEAL from the Chancery Court of Calhoun.

Heard before the Hon. S. K. McSPADDEN.

Bill in chancery by P. Rowan against Quitman Read and wife to foreclose a deed of trust executed by them to I. L. Swan, as trustee, and by him assigned and transferred to complainant. It was alleged in the bill that Quitman Read and wife, on July 10, 1890, executed their notes to Rowan, Dean & Co., a firm composed of W. H. Dean and Walter Dean, evidencing an indebtedness of $3,000, and to secure the payment of said notes, Quitman Read and wife executed a deed of trust to I. L. Swan, trustee, conveying certain described lands; that these notes and the deed of trust had been assigned and transferred to the complainant, P. Rowan, and that it was for the foreclosure of said deed of trust that the bill was filed. At the time of the filing of the bill, the trustee named in said deed of trust was dead, and neither his personal representative nor heirs were made parties to the bill. Quitman Read and Margie Read, his wife, and Walter Dean and W. H. Dean were made parties defendant to said bill. The bill was demurred to on the ground of the nonjoinder of the trustee named in the bill, or of his personal representative or heirs. This demurrer was overruled. The respondents answered said bill, and set up therein the statute of frauds, and want and failure of consideration for the notes, and asserted a claim of homestead, upon properly alleged facts of residence and occupancy, to a part of the land described in the mortgage. It was specifically denied in said answer that Mrs. Read, the wife of Quitman Read, acknowledged said deed of trust according to the statute, so as to convey a homestead. The facts pertaining to the several defenses are sufficiently stated in the opinion. Upon the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and ordered a reference before the register to ascertain the amount due upon the mortgage, and that the same be foreclosed. The respondents appeal, and assign as error the decree

[Read *et al.* v. Rowan.]

of the chancellor overruling the demurrer to the bill and the final decree.

JOHN H. CALDWELL and CALDWELL, JOHNSTON & ACKER, for the appellants.

STEVENSON & AGEE and S. D. G. BROTHERS, for the appellee.

HARALSON, J.—1. As appears from the bill, I. L. Swan, the party named as trustee in the deed in this case, was dead at the time the bill was filed. It was unnecessary to make his personal representative or heirs parties defendant to the bill. Upon his death, the trust estate did not descend to his heirs, or pass to his legal representative.—Code, § 1848 ; *McDougald v. Carey*, 38 Ala. 320 ; *Sprague v. Tyson*, 44 Ala. 341.

2. It is the well settled rule, that a promise, verbal or written, to pay the debt of another, if not founded on a precedent liability, or a new consideration, will not support an action ; that when the promise is simply to pay the debt of another, such promise is not binding without being in writing, based on a consideration expressed in the writing, and that in cases where the original debt is extinguished, or the day of its payment postponed, either expressly or by implication, the contract is a new substitutionary one, and is binding.—*Townsend v. Rutledge*. 38 Ala. 716 : *Underwood v. Lovelace*, 61 Ala. 157 ; *Dunbar v. Smith*, 66 Ala. 490 ; *Thornton v. Guice*, 73 Ala. 322. In *Davidson v. Rothschild*, 49 Ala. 109, it was held, that a promissory note imports a consideration, and when "given by an executor, administrator or guardian, it is *prima facie* evidence of assets, because assets are presumed to be the consideration upon which a promise is founded. Between the original parties, it is *prima facie* evidence only ; and the defendant may show that, in fact, there were no assets, and thus defeat a recovery for want of a sufficient conside ratio.—Edwards on Bills, p. 78. On proof by the defendant that the note was given for the debts of the ward's estate, and also, that there were no assets of the ward's estate to pay it (the plaintiff being the administrator of the payee), no recovery could be had, on the ground of a want of consideration, but not because the note was void

by the Statute of frauds.—2 Wms. Exrs. (Am. Ed. with notes), p. 1818. Edwards on Bills and Notes, supra; Lehman v. Levy, 69 Ala. 51.

Now, it is shown by the appellant, defendant below, that his father, E. T. Read, died leaving a will, and it was probated, and appellant was appointed executor of it by the probate court of Calhoun county; that the estate was in process of administration at the time of the execution of the notes and mortgage sued on, and that the lands embraced in the mortgage belonged to the said E. T. Read, at the time of his death, and were the only lands he owned. In his answer, the defendant states, that he and his brother, Dr. E. T. Read, were the joint owners of the lands,—inherited, of course, from their father,—that he has purchased from his said brother, his half interest in said lands, and was indebted to him therefor, in the sum of $2,000, and he made application to Rowan, Dean & Co., for the loan of $2,000 with which to meet that indebtedness, which they agreed to let him have, and, also, the further sum of $1,000 to cover an open account against him, held by said firm, a part of which was past due, and a part of that would be due on 1st of January, 1891, "and for any other loans or advances which might be made to respondent, during the years 1890, 1891 and 1892, up to the time said notes would fall due." The loan was accordingly made, the notes and mortgage given as we find them in the transcript. The contention on the part of appellee is, that the $1,000 note was given to cover an indebtedness of $415.29, owing on an open account by appellant to the firm of Rowan, Dean & Co., and an open account of appellant's father, E. T. Read, deceased, for $584.71, each of which accounts matured on the first of January, 1891; that the understanding and agreement between appellant and Rowan, Dean & Co., as to this loan was, that appellant was to assume and pay the indebtedness of his deceased father, and this indebtedness was accordingly included in the $1,000 note, and that the loan of the $2,000 with which to pay for said land, was made on the condition that the appellant and his wife would join in a deed of trust on said lands, to secure $3,000; embracing said $2,000, and also a $1,000 note, for his own and his father's indebtedness to said firm.

We will not review the evidence tending to support

the contentions of the respective parties. The notes and mortgage imported a consideration, entitling the com-complainant to a decree, unless such *prima facie* proof was overcome by defendant, showing a want of consideration. The proof on the part of complainant, consisted of his own deposition and that of Walter Dean, a member of the firm of Rowan, Dean & Co., who negotiated the transaction with defendant, and fully supports the case as made by the complainant. The proof on the part of defendant consisted of his own and his wife's deposition, both swearing that there was no agreement on their part, that the indebtedness of E. T. Read, deceased should be included in the $1,000 note. On this evidence, the chancellor found for the complainant, and we find no reasons to disturb his finding.

There was no proof to show, that the estate of said E. T. Reed was insolvent, but it is plainly inferable that it was solvent. The lands could not have been appropriated in the manner they were by defendant and his brother, on any other basis than the solvency of the estate. The defendant was the executor of the will of his father, from whom he inherited half of his lands. These lands were bound for the debt of the deceased to Rowan, Dean & Co. in the absence of personal assets of the estate sufficient to pay it. The defendant had purchased his brother's half interest in them, and had a personal interest to pay the debt of the estate to said firm. In one sense, the debt was his. He could not get a title to the lands free from their liability to be sold to discharge said debt, until he paid it; and having paid the debt, the correctness of which is not disputed, the amount paid would have been a credit to him as executor on settlement. Until the defendant showed, therefore, there were no assets of his father's estate with which to pay the amount of said debt included in said note, he could not defeat a recovery on the ground of a want of consideration, or that the obligation sued on, was within the statute of frauds.

3. The case breaks down also on the other defense set up,—that the execution of said mortgage, was not done in the manner required by statute, to convey the homestead. It is not denied that the mortgage on its face is executed in due, legal form, but the defense is, that the wife, in truth and in fact, did not appear before the

judge of probate who certified her acknowledgment and separate examination.  There is not a single fact deposed to, tending to show fraud or duress practiced on the mortgagor or his wife in obtaining their signatures to or acknowledgement of the conveyance.  They do not dispute their signatures.  The papers were prepared and read over to them by their own attorney.  He and they went together to the court house, for the purpose of having the mortgage executed.  Their purpose could not have been less than to have it properly and legally executed.  They both say the mortgage was signed by them in a room in the court house occupied by the clerk of the probate judge.  The husband testified that Col. Caldwell, their attorney, folded the mortgage up, after it was signed, and walked out of this room, into the adjoining one occupied by Probate Judge Crook, and the defendant and his wife followed him and found the judge seated at a table, using a type-writer, when Col. Caldwell walked up to the table and said, "Judge, here are those papers," laying them down on the table, and Col. Caldwell soon walked out, leaving the defendant and wife and the judge alone in the room.  They both proposed to swear, against the objection of the complainant, that the judge did not examine the wife apart from her husband or otherwise, and that neither of them acknowledged the deed before him.

This evidence shows, that the wife appeared before the judge for the purpose of acknowledging her signature to the mortgage, and that the judge had the mortgage in his possession to be acknowledged before him by her. The attorney had evidently prepared the judge for the business, for he said, "Judge, here are those papers," manifestly reminding him of a previous conversation between them about the papers.  This case then, comes up to the rule, that when the acknowledging officer has jurisdiction, which is acquired by having the party acknowledging and the instrument to be acknowledged before him, and he proceeds to exercise his jurisdiction, the certificate, in the absence of fraud or duress, cannot be impeached by parol.—*Am. F. L. Mort. Co. v. James*, 105 Ala. 347; *Grider v. Mortgage Co.*, 99 Ala. 281; *Giddens v. Bolling*, 99 Ala. 319.

The frequency with which such acknowledgments are being disputed, for the purpose of invalidating mort-

gages· on which loans of money have been confessedly
obtained, shows the value and importance of the strin-
gency of the rule as we have laid it down. The best way,
where the husband and wife would not convey their
homestead, but would preserve it intact to the family,
is not to sign any conveyance in which it is included.
Affirmed.