# National Building & Loan Association
# v. Cunningham.

### *Statutory Action of Ejectment.*

1. *Acknowledgment of conveyance to corporation; disqualification of notary public; conveyance not invalid on collateral attack.*—While a notary public who is a stockholder and officer of a corporation has such interest in the conveyance as disqualifies him from conducting the examination and acknowledgment of the grantor to a mortgage of a homestead to said corporation, such incompetency of the notary public before whom the acknowledgment was made and who certified it, renders the instrument invalid only upon direct attack, and not when collaterally assailed;

[National Building & Loan Association v. Cunningham.]

and in an action of ejectment by the mortgagor against the corporation to which the mortgage was made and which purchased at the foreclosure sale, and claims the property sued for under such mortgage, the invalidity of the mortgage by reason of the notary's incapacity can not be shown by extrinsic parol thereof, and if the mortgage is otherwise valid, the plaintiff is not entitled to recover in such action.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. J. C. RICHARDSON.

This was a statutory action of ejectment, brought by the appellee, John Cunningham, against the National Building & Loan Association. The facts of the case are sufficiently stated in the opinion.

There were verdict and judgment for the plaintiff. The defendant appeals and assigns as error the giving of the general affirmative charge requested by the plaintiff, and the refusal of a similar charge requested by the defendant.

WILLIAM L. MARTIN, for appellant, cited *Monroe v. Arthur,* 126 Ala. 362; *Fearn v. Bierne,* 129 Ala. 435.

LOMAX, CRUM & WEIL, *contra,* cited *Hayes v. Southern Home B. & L. Asso.,* 124 Ala. 663; *Cooper v. Association,* 97 Tenn. 285; *Hughes v. Worley,* 33 Ala. 196; *Thompson v. Mortgage Co.,* 110 Ala. 400.

HARALSON, J.—Statutory action in the nature of ejectment.

The plaintiff, who is appellee, to secure a loan of money, executed with his wife a mortgage on lands occupied as their homestead, to the defendant, the appellant, and the same was acknowledged and certified before C. S. Rabb, register in chancery, who it was admitted was, at the time of taking and certifying said mortgage, a stockholder in the defendant corporation, entitled to participate in profits arising and which did arise from loans made by said association. The relation of said register taking the acknowledgments of the mortgage to said association, and his interest in the loan secured by it did not appear on the face of said mort-

gage, but wholly from extrinsic evidence. On default in the payment of the mortgage, it was duly foreclosed under the power contained therein, and the said association becoming the purchaser, as by the terms of the mortgage it was authorized to do, the auctioneer who made the sale, as he was also empowered to do, conveyed the lands mortgaged to said association, to which the plaintiff, on demand, yielded the possession. He then instituted this action to recover the lands, on the theory that the mortgage to the association was void, because of its acknowledgments before an officer who was a stockholder and interested in said association. The court gave the general charge for the plaintiff, and refused a like charge for the defendant. In giving the plaintiff's charge, and refusing the defendant's the court erred. The mortgage was not void, for the reasons assigned, on collateral attack made on it as here, as we have but recently decided.—*Monroe v. Arthur*, 126 Ala. 362; *Fearn v. Bierne*, 129 Ala. 435.

The case of *Hayes v. N. B. & L. Asso.*, 124 Ala. 663, on the authority of which case it seems the court gave the one charge and refused the other, is distinguishable from the two cases above cited, in that the former was a direct attack on the mortgage in that case, for the same reason that the one here is assailed. There is no conflict between the *Hayes* case and the others cited.

The judgment must be reversed and the cause remanded.

Reversed and remanded.