# Sellers, *et al. v.* Grace, *et al.*

### *Bill to Reform Lease.*

(Decided April 20, 1907. 43 So. Rep. 716.)

*Cancellation of Instruments; Evidence; Sufficiency.*—Evidence in this case examined and held insufficient to establish the right to cancel a written contract on the ground of fraud and duress. To authorize the reformation of a written instrument the proof must be clear, exact and convincing.

APPEAL from Geneva Chancery Court.
Heard before Hon. W. L. PARKS.

Bill by W. S. Grace and another against Sellers, Bullard & Co. From a decree for plaintiffs, defendants appeal. Reversed and rendered.

[Sellers, et al. v. Grace, et al.]

W. O. MULKEY and C. D. CARMICHAEL, for appellants.—The Complainants have a plain and adequate remedy at law and an action at law could have been maintained in this case.—*Moragne v. Doe*, 39 So. Rep. 161. The forgery of a deed by a third person is not enough to invoke equitable interposition. Under the rule in our State the party in such a case is left to his legal remedies.—*Peebles v. Burns*, 77 Ala. 290; *Treadwell v. Daubert*, 133 Ala. 506. Attention is called to the fact that the two special pleas incorporated in the answer were pleas to the bill.—*Mylin v. King*, 139 Ala. 319. The second plea was proven, and whether material or not, issue was joined on it which entitled defendants to a judgment.—*Tyson v. Decatur Land Co.*, 121 Ala. 414; *Stein v. McGrath*, 128 Ala. 181. All the complainants to a suit in equity must recover or none can.—*Dickinson v. Winslow*, 97 Ala. 491; *Taylor v. Robinson*, 69 Ala. 269; *Brewer v. Brown*, 68 Ala. 215. Mrs. Grace had no interest whatever in the cause.—*Tillis v. Dean*, 118 Ala. 645; *Ramage v. Towles*, 85 Ala. 588; *Lytle v. Sandefur*, 93 Ala. 396.

ESPY & FARMER, for appellee.—The appeal in this case should be dismissed because the decree was rendered by the court held at a time not authorized by law.—Rule 68 Chancery practice, p. 1217 Code 1896; sections 636 and 637 Code 1896; *Kidd v. Burke*, 142 Ala. 625.

HARALSON, J.—The bill in this case was to reform a lease or deed, set out as Exhibit A,—to correct a mistake therein,—alleged to have been committed on the appellees, by the fraud of the defendants, acting through one of their number, W. B. Sellers, or to cancel and declare void the said deed. The contract of lease or sale, recites that, "for and in consideration of the sum of $245 to us in hand paid by Sellers, Bullard & Co., we hereby bargain and sell to Sellers, Bullard & Co., their heirs and assigns, for a period of ten years, from the date hereof, all the growing timber of all kinds, sizes and descriptions whatever upon the following described lands in Geneva county, to wit: (Describing the lands.)

[Sellers, et al. v. Grace, et al.]

\* \* \* We hereby giving, granting, bargaining, selling and conveying unto the said Sellers, Bullard & Co., their heirs and assigns during the said named ten years, the right and privilege of using and operating any part or all of said timber for turpentine purposes, or any other purpose during the whole or any part of said ten years, together with the right to cut and remove at any time during said term, all or any portion of said timber, \* \* \* it being the purpose and interest (intent) of this conveyance to clothe the said named grantees, their heirs and assigns, with as full and complete title and ownership of all the growing trees of all kinds and descriptions on said lands, for the period named, as of the entire fee to said lands hereby conveyed."

The lease or deed was acknowledged, in due form, by said Grace and wife, before J. W. Pridgen, notary public and ex-officio justice of the peace, both acknowledged that they were informed of the contents of the conveyance, and executed the same voluntarily on the day the same bears date. The wife was afterwards examined separate and apart from her husband, and stated that she signed the same of her own free will and accord, without fear, constraint, threats or persuasion of her husband.

The bill alleges in its fourth paragraph, that the grantors did agree and sell to the defendants, the merchantable log timber, that is, all live pine timber that measures "12 inches at 20 feet," and "that is what should be mentioned in said contract, and that alone is what should have been covered by said deed or lease." It further alleges, that complainants can neither read or write, and that they signed said deed without the same being read over to them, on the assurance of defendants, that it contained only a lease upon the merchantable pine timber on said land; and further, that defendants well knew this, when they had complainants to sign the same; that it was obtained through fraud and deceit on the part of the defendants, who took advantage of complainants.

The answer fully denies the allegations of the want of knowledge of complainants of the contents of said lease or deed, and denies that any fraud was perpetrated on

them, averring that the deed expresses the true contract of the parties, and that there was no fraud or mistake practiced or made upon complainants in its execution. That at the time of the execution of said deed, there was present J. W. Pridgen, a notary public and ex-officio justice of the peace; that he was there for the purpose of taking and certifying the acknowledgements of the complainants; that each signed the conveyance in his presence, and each acknowledged that they were informed of the contents of the conveyance, which acknowledgment was certified by the said notary, and in the taking of which he acted judicially.

The notary was examined as a witness, and testified that he took said acknowledgments of the grantors in said lease or deed; that the deed was read over to them and they knew what they signed, and the contents of the lease or contract, and that he, himself, read it over to them, and that he did not see a Mr. Weeks present at that time.

W. B. Sellers, testified substantially the same thing; that the deed represented the trade between him and Grace, as near as he could tell, and that they discussed the trade three or four days before the deed was executed.

The complainant, Grace, testified, that he sold defendants all the pine timber that was merchantable, measuring 12 inches, 20 feet from the base of the timber, and sold them no other kind of timber, and did not sell them dead or hardwood timber on the land; that he could not either read or write; that the paper was not read over to him, because Mr. Sellers said that he and Grace understood the contract, and it was unnecessary to read it, and that he, complainant, after he heard what the contract was, offered to return Sellers the money, stating to him that as there was a misunderstanding about the deed, he would pay back the money; that he made the acknowledgment as certified by Mr. Pridgen, the notary; that he did not offer to defendants a deed to the timber in accordance with what he said the contract was; that he owned the land, and Mrs. Grace owned no interest in it, other than as his wife.

Mrs. Grace testified corroborating her husband, and

stated that she was not examined separate and apart from him, but that she made the acknowledgment as shown on the deed in the presence of her husband.

Weeks testified that he was present and the deed was not read over to the complainants, Sellers stating that they did not have time to do so.

As to the acknowledgment before the notary, it is well settled, "that when the acknowledging officer has jurisdiction, which is acquired by having the party acknowledging, and the instrument to be acknowledged before him, and he proceeds to exercise his jurisdiction, the certificate, in the absence of fraud or duress, cannot be impeached by parol."—*Read v. Rowan*, 107 Ala. 366-371, 18 South. 211; *A. F. L. M. Co. v. James*, 105 Ala. 347-349, 16 South. 887.

In our judgment, taking the evidence of the certificate of acknowledgment in connection with the evidence of the notary and Sellers, and the lease contract itself, it supports the theory, that there was no fraud or duress practiced on the complainants, at the time they made the acknowledgment before the notary. Their testimony as to this matter is not entitled to sufficient weight to authorize a court to draw a different conclusion. On this state of the evidence, the complainants were not entitled to a reformation of the contract of lease. Their proof was not clear, exact and convincing. "To authorize the reformation of a written instrument, the proof must be clear, exact and convincing."—*Ohlander v. Dexter*, 97 Ala. 476, 12 South. 51; *Burnell v. Morris*, 106 Ala. 351, 18 South. 82.

The bill was also to declare the sale fraudulent and void, and it was on this alleged ground, that the chancellor rendered his decree, setting the same aside. It is our conclusion that the facts fail to make out complainants' case on this theory.

The chancellor erred in entertaining the bill, and setting aside the lease or deed, declaring the same null and void; and a decree will be here rendered, reversing the decree from which the appeal was taken and dismissing the bill.

Reversed and rendered.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.