# White *v.* Henderson-Boyd Lumber Co.

## *Bill to Reform Deed.*

(Decided Jan. 20, 1910.—51 South. 764.)

1. *Reformation of Instrument; Mistake as to Subject Matter; Evidence.*—Where it is sought to reform a conveyance in respect to the subject-matter thereof so as to conform to the intent of the parties, the person complaining must show by clear, exact and convincing proof that the intention and agreement he would have substituted in the instrument was that of both of the parties thereto. In this case, the evidence stated and examined and held not to come up to such measures.

[White v. Henderson-Boyd Lumber Co.]

2. *Evidence; Res Gestae; Statements Before Execution of Deed.*— A statement made by a grantor to his wife a day or two before the deed was executed as to what was the agreement between the parties was not a part of the res gestae.

APPEAL from Geneva Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by E. A. White against the Henderson-Boyd Lumber Company, to reform a deed. Decree for respondent and complainant appeals. Affirmed.

EPSY & FARMER, and TYSON, WILSON & MARTIN, for appellant.—That part of appellee's answer or proof which alleges that it is an innocent purchaser for value without notice is insufficient.—*Craft v. Russell,* 67 Ala. 9; *Hooper v. Strahan,* 71 Ala. 75; *May v. Wilkinson,* 76 Ala. 543. The fact that appellant was in possession of the land was sufficient to put appellee upon inquiry. *Headley v. Bell,* 84 Ala. 346; *Price v. Bell,* 91 Ala. 180; *Reynolds v. Kirk,* 105 Ala. 446.

W. O. MULKEY, for appellee.—Counsel discuss the facts and insist that they fail to come up to the degree of proof required in such cases.—*Sellers-Bullard Co. v. Grace,* 43 South. 716.

McCLELLAN, J.—Bill to reform a conveyance, in respect of subject-matter, so as to accord with the averred intention and agreement of the parties. To entitle a complainant to such relief it is incumbent on him to show, by clear, exact, and convincing proof that the intention and agreement he would have substituted in the instrument, was that of both parties thereto.—*Hertzler v. Stephens,* 119 Ala. 333, 24 South. 521; *Keith v. Woodruff,* 136 Ala. 443, 34 South. 911, among others.

The deed in question, a copy of which is exhibited with the bill, described the subject of the conveyance as

"all the growing timber of all kind, size, and description whatever upon the following described lands. * * *" Other terms in the instrument reiterate the intention to convey all the timber on the lands described. The bill seeks the substitution for the quoted and stated matter of description—this description: "All the merchantable pine timber measuring twelve inches and up, twenty feet from base." The conveyance in question was from complainant and wife to the Sellers-Bullard Company, from whom, by subsequent conveyance, the respondent became entitled to the rights of the Sellers-Bullard Company in the premises.

For the complainant, it was shown that he and his wife signed the deed and acknowledged it before one Pridgen, a notary public; that complainant stated to Sellers, of the Sellers-Bullard Company, that he wanted to understand the paper, and, in reply, that Sellers told him he (Sellers) was pressed for time, that the paper contained their agreement as now asserted by the complainant; that thereupon complainant signed the paper, Exhibit A; that complainant did not sell the Sellers-Bullard Company any timber on the lands described, except that comprehended in the description quoted from the bill; and that no one was present, when the agreement of the sale was made, except complainant and Sellers. Mrs. White, complainant's wife, corroborated her husband in the reason given by Sellers for not reading the deed on the occasion of its execution. She further testified that Sellers said "that it (deed) was the contract they had agreed on. They did say that the lease was just as they had agreed on for the sale of the timber." Mrs. White also testified that a day or two before the deed was signed her husband told her that the trade was as complainant now contends. This last matter was inadmissible. It was hearsay, not

a part of the res gestæ of the agreement, and was a mere narrative, in the adversary's absence, of what the complainant stated he had agreed to.—Jones on Ev. (2d Ed.) §§ 344, 345, and authorities in notes. Complainant and wife both testified that complainant did not read the instrument on the occasion of its execution.

On the other hand, it was shown for respondent that complainant took the paper to read before its execution and appeared to read it; that complainant made an inquiry eliciting from Sellers the statement that the purchase was of all merchantable timber on the lands; and that the true subject-matter of purchase and conveyance was that described in the conveyance as signed. Sellers so testified, and Pridgen also, though the latter, on the cross, seems, in this record, to have modified his testimony in that regard.

The testimony of G. W. White, tending the impeachment of Pridgen as to part of his testimony, was inadmissible for the want of a proper predicate for the inconsistent statements White stated Pridgen had made.

It is insisted in briefs that Sellers' admission that he only purchased all the merchantable timber on the land, or all of the merchantable pine timber on the land, with complainant's evidence, entitles complainant to the reformation sought. If it be conceded that Sellers' admission was as is contended for appellant, it is obvious that the reformation prayed could not follow. The exactness required, in this character of procedure and relief, would forbid. The alleged true agreement set out in the bill not only declares that the subject-matter of the contract was the merchantable pine timber on the land, but also that such timber should be, in dimensions, 12 inches and up, 20 feet from the base. Taking Sellers' admission in all strength against respondent and in favor of complainant, the particular dimensions

set out in the bill cannot be taken as embraced in the admission contended for. The other evidence shows that there was a difference of opinion as to what was or is merchantable timber or merchantable pine timber A deed conveying the merchantable timber or merchantable pine timber on lands would necessarily leave open the inquiry, what was, in dimension and otherwise, merchantable timber or merchantable pine timber on given lands. But here the descriptive language to be substituted would preclude any further inquiry, for merchantable would then be defined in expressed terms. The stated inconsistence cannot be approved.

The whole evidence does not measure up to the settled standard of clearness, exactness, and convincingness requisite to authorize relief by reformation. Only two persons, viz., Sellers and complainant, were present when the original agreement was made. They are in immediate conflict as to what was the subject-matter of the sale and purchase. Mrs. White's legal testimony does not expressly support complainant in the particular that the dimensions of the timber was as he contends. Pridgen, if anything, corroborates Sellers in his testimony. Eliminating entirely Pridgen's testimony, the substance of the issue finds complainant and Sellers opposed in the evidence. It would be a departure from the rule of caution and certainty requisite in such cases, to conclude, in this state of conflict, that the true and common agreement and intent was as the bill asserts. A very similar controversy was reviewed here in *Sellers v. Grace*, 150 Ala. 181, 43 South. 716, and reformation was denied.

The decree is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.