# Vizard v. Robinson.

### Bill to Quiet Title to Timber.

(Decided April 8, 1913.　61 South. 959.)

1. *Acknowledgment; Defective; Direct Attack.*—An attack on a timber deed for alleged disqualification of the officer to take the acknowledgment of the parties is direct, and not collateral.

2 *Same; Deed; Effect.*—An efficacious acknowledgment of the deed not only renders it self-proving when seasonably recorded, but imports a verity against which none can complain except for duress or fraud.

3. *Same; Officers; Disqualification; Interest.*—Where an attorney who was also a notary public was employed to purchase standing timber interest, and was paid a specific price per acre for his services, he could not be said to have an interest in the conveyance of the timber so purchased, but an interest only in the transaction, and hence, was not disqualified to take the acknowledgment of the grantors in the deed.

4. *Logs and Logging; Conveyance of Standing Timber; Limitations.* —The deed considered, and it is held to convey an absolute title to

[Vizard v. Robinson.]

the timber, and that the limitations therein contained only applied to the grantee's rights under the deed to enter the land and construct and operate tram roads to remove that or other timber.

5. *Deeds; Bargain and Sale; Construction.*—A deed of bargain and sale for a valuable consideration is construed most strongly against the grantor, and, if it contains conflicting parts, all reasonable effort should be exerted to reconcile it, and if there is an utter inconsistency between the two clauses the last clause must give way to the first.

6. *Evidence; Parol; Deeds.*—Where a deed of bargain and sale conveyed an absolute title to the timber on certain lands described, parol evidence was not admissible to show that, at the time of the sale, it was verbally agreed that the grantee's title to the timber was limited to eight years from the date of the deed, and that at the expiration of that time, all the grantee's interest in the timber was forfeited to the grantor.

APPEAL from Coosa Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Allen Robinson against Anthony Vizard to quiet title to timber interest in land. Decree for complainant, and respondent appeals. Reversed.

The deed mentioned in the opinion is as follows: "That for and in consideration of the sum of $200.00 to the undersigned Allen Robinson and wife, M. S. Robinson, in hand paid by William Cooper, we, the said Allen Robinson and wife, M. S. Robinson, do hereby grant, bargain, sell and convey unto the said William Cooper, the following described real estate, to wit: All of the timber of every kind which measures as much as 10 inches at the stump, situated and standing on the following described land: [Here follows the description.] Together with the right to go upon and across the said land for the purpose of removing said timber therefrom, and also the exclusive right to build and construct tramroads or other roads on or across said land, for the purpose of removing said timber, or any other timber of the said W. M. Cooper. That the rights above conveyed shall continue for a period of eight years from date of this instrument, and no longer." Then follows the ordinary covenants of seisin, right to convey, and warran-

[Vizard v. Robinson.]

ty. This deed was dated March 23, 1903. The bill alleges the conveyance from Cooper to the Vizard Investment Company, and from the Vizard Investment Company to Anthony Vizard, and the prayer seeks to declare the claim, interest, and title of said Anthony Vizard in and to the timber growing on said land to be void and of no effect and removed as a cloud on orator's title. He also seeks to declare other deeds void and of no effect, and to remove them as cloud on title.

STEVENS, LYONS & DEAN, for appellant. The deed conveyed the legal title to the timber, and the provisions as to time of removal are not conditions subsequent, but are covenants that the timber will be cut within the time mentioned.—*Zimmerman Mfg. Co. v. Daffin,* 149 Ala. 388. The deed conveys, first, the timber, second, the right to go on the land to remove it, and third, the exclusive right to build and construct a tramway, and the chancellor erred in attempting to distinguish the several rights as meaning different priviliges.—Sutherland on Statutory Construction, sec. 255. Evidence as to an understanding as to time of removal not stated in the deed was inadmissible.—3 Mayf. Dig. 565. The notary had no such interest in the land, as would render him disqualified to take the acknowledgment of the grantor to the deeds conveying the same.—*Austin v. B. & L. Assn.,* 50 S. E. 382; *Sloss v. B. & L Assn.,* 23 S. E. 847; 1 Cyc. 555; 1 Devlin on Deeds, sec. 477-a. In any event, the deed would be voidable only and not void.—*Monroe v. Arthur,* 126 Ala. 362; *Fearin v. Berne,* 129 Ala. 435; *Farmers' Assn. v. Greenwood,* 137 Ala. 257. Such an instrument on record protects bona fide purchasers for value who become such while such conditions exist.— 1 Devlin sec. 477; 1 Cyc. 530-553; 92 Pac. 628; 47 N. W. 449. No offer to do equity is made, and this is es-

sential to one who seeks to rescind.—*Grider v. Mortgage Co.,* 94 Ala. 291; *Hayes v. B. & L. Assn.,* 124 Ala. 668.

GEORGE A. SORREL, for appellee. The condition expressed in the deed was notice to Vizard of the condition upon which title passed, and he was charged with notice from the face of the deed that the timber was to be removed in eight years.—*Webb v. Robbins,* 77 Ala. 83; *Gilmer's Case,* 79 Ala. 569; *Elyton L. Co. Case,* 100 Ala. 396. While conditions subsequent are not favored in law, yet if the attending circumsances, and the conveyance show clearly a condition subsequent, such condition is operative and works a forfeiture.—*Elyton L. Co. v. S. & M. A. R. R. Co.,* 100 Ala. 396. The clause found in the deed is clearly a limitation of title acquired under such conveyance by the grantee. An acknowledgment taken by a notary public is a judicial act.—*Grider v. A. & F. M. Co.,* 99 Ala. 281; *Byrd v. Bailey,* 169 Ala. 454. The attorney was an interested party and cannot be permitted to take the acknowledgment.—*Hayes v. B. & L. Assn.,* 124 Ala. 663; *Morris v. Bank of Attalla,* 153 Ala. 352; *Byrd v. Bailey, supra;* 89 Am. St. 330.

McCLELLAN, J.—Bill to quiet title, with particular reference to the timber interest therein.—Code, § 5443 et seq. There are two major questions presented for review: First, whether an officer concerned as will be later stated, is competent to take an acknowledgement of a conveyance of an interest in land occupied as a homestead by the grantor and his wife; second, whether the deed, which (omitting the calls of the land) the reporter will set out, expressed a *limitation* upon the estate granted, or a covenant merely.

As respects the validity vel non of the instrument, as that question is affected by the alleged want of compe-

tency of the officer to take the acknowledgment of the parties, the attack here made is direct, not collateral.— *Hayes v. B. & L. Asso.*, 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216; *Monroe v. Arthur*, 126 Ala. 362, 28 South. 476, 85 Am. St. Rep. 36; *National B. & L. Asso. v. Cunningham*, 130 Ala. 539, 30 South. 335

These propositions are settled in this state: "An efficacious acknowledgment not only renders the instrument self-proving, if seasonably recorded, but it imports a verity against which none can  *  *  *  complain, unless it is for duress or fraud It is a quasi judicial, if not judicial, act of an officer, and his certificate cannot be questioned, if his jurisdiction was obtained, except on the grounds stated."—*Morris v. Bank of Attalla*, 153 Ala. 352, 357, 45 South. 219, 221; *Chattanooga Nat. B. & L. Asso. v. Vaught*, 143 Ala. 389, 39 South. 215; *Sellers v. Grace*, 150 Ala. 181, 43 South. 716; *Griffith v. Ventress*, 91 Ala. 366, 374, 375, 8 South. 312, 11 L. R. A. 193, 24 Am. Rep. 918; *Amer. Mtg. Co. v. Thornton*, 108 Ala. 258, 19 South. 529, 54 Am. St. Rep. 148; *Alford v. First National Bank*, 156 Ala. 438, 47 South. 230, 22 L. R. A. (N. S.) 216.

In *Hayes v. Sou. Home B. & L. Assn.*, 124 Ala. 663, 667, 26 South. 527, 530 (82 Am. St. Rep. 216), it was ruled that the public policy involved refutes the competency of an office "financially interested in the conveyance" to take and certify an acknowledgment, and that the doctrine has a peculiar force in its application to cases where the title to the homestead is to be affected and the certification of the *separate* acknowledgment of the wife, in a particular way and form, is a condition precedent to the transmission of interests under the conveyance. The doctrine was recently reiterated in *Byrd v. Bailey*, 169 Ala. 452, 53 South. 773, Ann. Cas. 1912B, 331.

Robinson (appellee) was the owner in fee of the lands which were his homestead; Cooper, appellant's predecessor in asserted right, was the grantee in the conveyance.

Paragraph 8 of the bill, the only section particularly necessary to be considered in this connection, is as follows:

"Your orator would further show unto your honor that on the 23d day of March, 1903, E. V. Jones, the notary public before whom your orator and his wife, M. F. Robinson, acknowledged said conveyance as shown by Exhibit A hereto attached was an attorney at law, practicing law at Rockford, in Coosa county, Ala., and on said date and at the time said conveyance was acknowledged by your orator and his wife, M. S. Robinson, before the said E. V. Jones, he was the attorney for and the agent of said W. M. Cooper, the grantee in said conveyance, and as such attorney and agent negotiated and perfected the sale of said timber by your orator to the said W. M. Cooper and was the active agent, acting for and in behalf of said W. M. Cooper, who bought said timber from your orator and prepared the conveyance above described from your orator to said W. M. Cooper and was the paid agent and attorney for the said W. M. Cooper to purchase for the said W. M. Cooper the said timber from your orator, and obtained from your orator a conveyance to the same.

"Your orator would further state, charge, and aver that the said deed conveying to the said W. M. Cooper the said timber, being thus acknowledged before the said E. V. Jones, who was then and there the active agent, attorney for said W. M. Cooper, and made said contract of purchase with your orator for the said Cooper, was and is void and of no effect and is insufficient in law to pass any title out of your orator into the said W. M. Cooper; and your orator further charges

and avers that, the said conveyance being void, the said W. M. Cooper, Vizard Investment Company, nor the respondent, Anthony Vizard, has ever obtained any right, title, or interest in or to said timber; he is claiming openly, notoriously to own said timber, which claim of the respondent is a cloud on the title of your orator to his said land and is doing a great injustice."

The agreed statement of facts on this point contains this:

"(1) That at the time that the sale and purchase evidenced by the timber deed, which is an exhibit to the original bill in this cause, was being negotiated, and at the time of the execution of the said deed, it was verbally agreed between the vendors and vendee that the right and title to said timber so conveyed by said deed was to last for a period of eight years from the date of said deed, and that at the expiration of said eight years, if the timber was not cut and removed from said land, all right to the same was forfeited as to the buyer, and the same reverted to and was the property of the seller after the expiration of said term of eight years; that said agreement should be evidenced by writing in the said deed, the provision there appearing which reads as follows: 'That the rights above conveyed shall continue for a period of eight years from the date of this instrument, and no longer.'

"(2) That, at the time E. V. Jones took the acknowledgment of the vendors that they executed said deed, M. S. Robinson was the wife of Allen Robinson, and they were living on and occupying as a homestead the land described in the original bill as being in section 21; that at said time the said E. V. Jones was the agent and attorney for the vendee to make contracts of purchase of timber for him in Coosa county, Ala., including the contract and purchase as shown by the deed

above referred to; that it was a part of his contract to purchase timber, obtain a deed from the seller to the buyer, and pass on the title to said land so conveyed; that the vendee paid said Jones for this service so much per acre for all the timber so bought; that Jones was paid a certain price per acre by the buyer for buying this timber."

The weight of authority beyond this jurisdiction, rested, we think, on sound reason, is that one who is agent and attorney, or either, of a party to a transaction, engaged to render service as agent or attorney, or both, in the negotiations about or in completion of the transaction, is not thereby disqualified or rendered incompetent to take and certify the acknowledgment of a conveyance, even of the homestead, in perfection of the agreement to which he is so related as agent and attorney, or either, unless he has a "financial interest in the conveyance."—1 Ency. L. & P. pp. 865, 866, and notes collating the decisions. Such is the result of our case of *Hayes v. Sou. Home B. & L. Assn., supra.*

The case made in this aspect, by the averments of the bill or the agreed statement, or both, fails to show that Jones the agent and attorney, or either, had any "financial interest in the conveyance"; the facts set forth evidencing at most a financial interest in the *transaction, not in the conveyance.* That the agent's or attorney's compensation, as well as its amount, was made to depend entirely upon the effectuation by him of the sale only sufficed to render his financial interest therein secondary and incidental.

The *second* question the chancellor resolved in favor of the complainant's view, and, from that premise, logically decreed the extinction of the estate under the *limitation* after the elapsing of the period mentioned in the instrument in these words: "That the rights

above conveyed shall continue for a period of eight years from date of this instrument, and no longer." To ascertain the intention is the object of construction of written instruments. That is the true judicial inquiry. In effecting this judicial purpose and duty, rules have become serviceable, have been established, and have been generally accepted.

Among such, these may be here reiterated: (a) Deeds of bargain and sale, for a valuable consideration, are to be construed most strongly against the grantor and in favor of the grantee (2 Devlin, § 848; *Seay v. McCormick,* 68 Ala. 549; *Dickson v. Van Hoose,* 157 Ala. 459, 466, 47 South. 718, 19 L. R. A. [N. S.] 719); (b) the judicial motive, supporting the duty always assumed in construing deeds, is to exert all reasonable efforts to reconcile conflicting parts in a deed, and so in the light of the further rule that in clauses in a deed the *last* must give way to the *first;* and "if, upon a view of the whole instrument, effect can be given to the subsequent clause or meaning to the subsequent words, consistent with the preceding clause, it is then the duty of the court to so construe them."—*Petty v. Boothe,* 19 Ala. 633, 640; *Wallace v. Hodges,* 160 Ala. 276, 281, 49 South. 312; *Ex parte Beavers,* 34 Ala. 73.

Our recent decision in *Zimmerman Manufacturing Co. v. Daffin,* 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58, announced upon abundant authority general principles particularly applicable in the solution of the matter under consideration. It was declared that conditions subsequent are not favored in law; that deeds will not be "construed to create an estate on condition, unless language is used which, according to the rules of law, ex proprio vigore, imports a condition, or the intent of the grantor to make a conditional estate is otherwise clearly

and unequivocally indicated," further observing that "conditions are not to be readily raised by inference or argument," and that in cases of doubt words which might be taken as creating a condition, rather than defining a covenant, will be construed as expressing a covenant only. While the particular deed under review in that instance employed a method of expression quite different from that here employed, the Robinson-Cooper deed, when considered as a whole and construed under the guiding influence of the several rules to which reference has been made, requires a conclusion opposed to that prevailing below.

Unless affected by the term "words before quoted," it is evident that this deed vested an estate in præsenti in Cooper. It conveyed a part of the realty. Unless the term "words" limited it or rendered it conditional, the estate conveyed was absolute, the right to enter the premises and enjoy which might, under well-considered authority in this jurisdiction, be lost, and still the legal title to the timber described abide in the grantee and his successors in title thereto.—*Heflin v. Bingham,* 56 Ala. 566, 28 Am. Rep. 776; *Magnetic Ore Co. v. Marbury Lumber Co.,* 104 Ala. 465, 16 South. 632, 27 L. R. A. 434, 53 Am. St. Rep. 73; *Rothschild v. Bay City Lumber Co.,* 139 Ala. 571, 36 South. 785; *Zimmerman Mfg. Co. v. Daffin,* 149 Ala. 380, 42 South. 858, 9 L. R. A. (N. S.) 663, 123 Am. St. Rep. 58; *Goodson v. Stewart,* 154 Ala. 660, 46 South. 239.

The Robinson-Cooper deed treats, in its granting clause, of two subjects, viz.: First, timber of a certain dimension at the stump on a defined area; second, the means and rights whereby the subject-matter of the major grant might be enjoyed.

The term "words above quoted" are interpolated after the conclusion of the granting clause, though with

plain intention they refer to something that has gone before. In describing the *second* subject according to our division, ante, the deed says, after setting forth the calls of the land: "Together with the right to go upon and across said land for the purpose of removing said timber therefrom, *and also the exclusive right to build and construct tramroads or other roads on or across said land for the purpose of removing said timber or any other timber of said Cooper.*" It will be noted that the italicized words create rights beyond anything necessary or convenient to enable the grantee to enter and enjoy the estate previously therein granted to him. These words comprehend an exclusive right to lay tram or other roads on or across the land previously described, and also the right to lay such roads to remove timber, belonging to the grantee, other than that the title to which the conveyance transmitted.

The habendum clause reads: "To have and to hold to the said W. M. Cooper, his heirs and assigns *forever.*" When the italicized word *"forever"* is read in connection with the *first* and *second* subjects of the grant, and the idea their combination expresses is considered in the light of the words, "that the rights above conveyed shall continue for a period of eight years from date of this instrument, and no longer," it is evident that, if the term "words" are taken as limiting the majority grant as well as the defined easements conveyed, a conflicting expression of intention is instituted, and a conditional estate *in the timber*—the land—would be the result, an estate that was forfeited upon the expiration of the period of eight years from the date of the instrument. This status, in construction, may be readily and rationally avoided by the construction, "consistent with the grantors' intent," for it cannot be that the expression of two conflicting intents

was their purpose, which refers the term "words" to the "rights" established, though with the limitation by the second subject of the grant. The motive for the distinction thus taken by the grantors lies in the very natural disposition not only to accelerate the removal of the timber so granted but also to terminate, at a definite time, the use of the grantors' land under the other easements the conveyance vested in the grantee. Any other construction would resolve a meaning in doubt to create a conditional estate, and also would establish a status of expression and meaning that comprehended an obvious conflict.

Appropriate objection, seasonably saved, was taken to the quoted matter, ante, from the first paragraph of the agreed statement. It went, in variously stated grounds, to the inadmissibility of that character of parol evidence upon the inquiry involved in the construction of the deed. Under the authority of *Hughes v. Wilkinson,* 35 Ala. 453, 462, et seq., treating fully, avoiding any necessity for repetition here, the rule the objection invokes, it must be held that such evidence was inadmissible. This doctrine of *Hughes v. Wilkinson* has been often recognized here in these, among other, cases: *Guilmartin v. Wood,* 76 Ala. 204, 209; *Sullivan v. L. & N. R. R. Co.,* 138 Ala. 650, 35 South. 694; *Gaston v. Weir,* 84 Ala. 193, 4 South. 258.

The conclusion here not according with that attained below, the decree appealed from is reversed; and a decree will be here rendered declaring the respondent (appellant), the successor in title of W. M. Cooper, the repository, at the time the bill was filed, of the legal title to such timber, of the character described in the conveyance by Robinson and wife to W. M. Cooper, as remains on the lands defined in that deed, but also adjudging that the right to enter the premises to remove

such timber and to enjoy the other easements specified in the deed became extinct upon the elapsing of eight years from March 23, 1903, and dismissing the bill.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and SOMERVILLE, JJ., concur.