(105 So. 802)

### KELLEY v. SPENCER. (2 Div. 868.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. Reformation of instruments ⊚⇒45(2)—Proof necessary to authorize reformation of written contract stated.

To authorize reformation of a contract, which has been reduced to writing and signed, proof must be clear, exact, and satisfactory that writing does not truly express intention of the parties and what parties had intended writing should express.

2. Reformation of instruments ⊚⇒19(1)—Mutual mistake necessary to authorize reformation of written contract.

To authorize reformation of a written contract, in absence of fraud, there must be a mutual mistake as to recitals of instrument, either inclusion of some element not intended to be included or omission of some element not intended to be omitted.

3. Appeal and error ⊚⇒1012(1)—Judgment of trial court not disturbed, unless plainly contrary to great weight of evidence.

Findings of trial court, like verdict of a jury, will not be disturbed, unless it is plainly contrary to great weight of evidence, and therefore plainly wrong.

4. Contracts ⊚⇒237(2)—Mutual obligations assumed by parties at time of modification of contract constitutes sufficient consideration.

Mutual obligations assumed by parties at time of modification of contract constitutes a sufficient consideration, and, if one of parties did not assume any obligations or release any right, then a promise by other is void.

5. Contracts ⊚⇒79—Reformation of deed on ground of mutual mistake to include promise to pay taxes on property held not authorized.

Reformation of deed on grounds of mutual mistake to include alleged promise of grantee to pay taxes on the property *held* not authorized, if such promise was made after contract of purchase and sale was complete, since it was then a purely gratuitous undertaking, and, being without consideration, did not become an element of the contract.

6. Reformation of instruments ⊚⇒2—Right to reform deed on ground of mutual mistake rested on antecedent contract, fixing obligations of parties.

Right to reform deed on ground of mutual mistake to include promise of grantees to pay taxes on the property rested on antecedent contract for sale and purchase thereof, where it fixed all the obligations of the parties.

7. Reformation of instruments ⊚⇒45(7)—Evidence held not to show that tax agreement was made before contract of sale was complete.

Evidence *held* not to show that alleged agreement of grantees in deed to pay taxes on property conveyed was made before contract of sale was complete, and hence reformation of deed was not warranted.

Appeal from Circuit Court, Greene County; Fleetwood Rice, Judge.

Bill in equity by S. M. Spencer against C. M. Kelley. Decree for complainant, and respondent appeals. Reversed and rendered.

The case is thus correctly stated in the brief of counsel for appellant, respondent below:

"The complainant, S. M. Spencer, filed his bill of complaint in the circuit court of Greene county, Ala., in equity, against C. M. Kelley, seeking the reformation and correction of a deed executed by the complainant and his wife to the defendant. The bill alleges that the deed was executed on January 2, 1920, and that by a mutual mistake a provision as to the payment of taxes on the lands therein described, which became due on October 1, 1920, was left out of the deed, and that by such mistake no exceptions as to said taxes was contained in the warranty, that complainant paid the taxes on or about April 1, 1921, and called on the defendant to reimburse him for same, and that defendant refused to do so. The bill further alleges that the mistake was mutual, and that by an error on the part of the draftsman of the deed the provision as to the taxes was left out. The prayer of the bill is for a reformation and correction of the deed and for a decree against the defendant for the amount of said taxes and interest. The defendant filed his answer denying that there was a mistake in the deed, and alleging that he never at any time agreed to pay the taxes, or that the same should be excepted from the warranty. The complainant offered, to support the allegations of his bill, the testimony of William Hawkins, the draftsman of the deed, and also complainant's own testimony. The defendant offered the testimony of W. L. Lett and his own testimony; they each denying that there was any agreement as to taxes as contended by the complainant. On the final hearing of the cause the lower court rendered a decree granting complainant relief as prayed in his bill, and from this decree the defendant appeals. The decree of the lower court is the only assignment of error."

Complainant introduced in evidence the written agreement of sale executed August 26, 1919, and also the deed executed pursuant thereto on January 2, 1920.

It is without dispute that the executory contract was agreed upon and executed by the parties at the office of Wm. Hawkins, Esq., who drafted the document for them, and that the only persons present were Hawkins, the complainant, Spencer, and the two purchasers, C. M. Kelley and Leonard Lett.

Complainant testified that something was said about taxes "while we were having the meeting, making this agreement. I wouldn't say whether it was immediately before or immediately after." He testified further: "Well, I says, now I don't want to be put to any expense; I says you have got to pay all expenses, the taxes and everything; and they (Kelley and Lett) said that would be all right," and that it was a part of the agreement that Kelley and Lett should be liable "for the taxes"; that they assumed the pay-

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ment "of the taxes"; and that Mr. Hawkins was instructed to draw the agreement to that effect, "according to that agreement."

William Hawkins, Esq., who reduced the contract of sale to writing, testified:

"There was an item of taxes not put in the contract. * * * Mr. Leonard (Lett) * * * was anxious to get off on the train going north, and there was something said about taxes that would accrue on the 1st of October, 1920, and as to who would pay those taxes; it was agreed among them at the time that Kelly or Lett would assess the taxes.

"Q. For the following year? A. Yes, sir; and it would not be necessary to put it in the contract.

"Q. Assess them to themselves? A. Yes, sir; and for that reason it was not put in the contract; it would have been put in the contract but for the fact he was anxious to get on the train. * * *

"Q. And you drew the deed from the contract, and followed the contract literally, and didn't put that in the deed? A. Yes, sir."

On cross-examination he testified:

"Q. Was that at the time of the preparation and signing of the contract or the deed? A. I speak of the time of the contract; I think they had signed the contract.

"Q. When they had that conversation in regard to the taxes due, the contract had been signed? A. Yes, sir; as I remember it, they were standing, ready to go out of the office. Mr. Lett had to hurry, and I didn't have time to amend the contract and have it verified by their signatures."

Both Kelley and Lett testified that nothing was said on the occasion of making the contract about the taxes, and that neither of them made any agreement as to their payment.

J. F. Aldridge, of Eutaw, for appellant.

The court erred in rendering decree for complainant. Clark v. Hurt, 57 Ala. 390; Guilmartin v. Urquhart, 82 Ala. 570, 1 So. 897; White v. Henderson, 165 Ala. 218, 51 So. 764; Hammer v. Lange, 174 Ala. 337, 56 So. 573; Holland-Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118.

R. B. Evins, of Birmingham, for appellee.

The testimony having been taken orally before the trial judge his conclusions will not be disturbed. D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805; Bell v. Blackshear, 206 Ala. 673, 91 So. 576. The provision relating to taxes, orally agreed to, was binding on the parties. Robinson v. Bullock, 66 Ala. 548; Pioneer Sav. Bank v. Nonnemacher, 127 Ala. 521, 30 So. 79; Andrews v. Tucker, 127 Ala. 602, 29 So. 34.

SOMERVILLE, J. [1] "To authorize the reformation of a contract which has been reduced to writing and signed, the proof must be clear, exact, and satisfactory—first, that the writing does not truly express the intention of the parties—that on which their two minds had agreed; and, second, what it was the parties had intended the writing should express. Guilmartin v. Urquhart, 82 Ala. 571, 1 So. 897.

In White v. Henderson-Boyd Co., 165 Ala. 218, 51 So. 764, we said:

"To entitle a complainant to such relief it is incumbent on him to show, by clear, exact, and convincing proof that the intention and agreement he would have substituted in the instrument, was that of both parties thereto."

The rule is stated also in Hammer v. Lange, 174 Ala. 337, 56 So. 573.

[2] In the absence of fraud, and that factor is not presented here, there must be a mutual mistake as to the recitals of the instrument—either the inclusion of some element not intended to be included or the omission of some element not intended to be omitted.

"The difficulty lies in determining, sometimes, whether the alleged mistake, sought to be corrected, falls within the rule. Chancery does not add terms to the contract, which the parties did not intend to embody in the writing. It is only when stipulations which the parties intended to express have been left out by mistake, or omitted through fraud, that the reforming powers of the chancery court can be called into exercise. If there be other contemporaneous agreements or terms, not put in the writing, and not intended to be inserted therein, this is no mistake of fact, and furnishes no ground for equitable interposition. It is simply a mistake of law in supposing that such oral stipulations may be proved and considered in construing the writing.. To allow reformation, under such circumstances, would be to create for the parties a written contract, which they intentionally left in confidence, and did not intend to express in the writing." Clark v. Hart, 57 Ala. 390, 394.

This phase of the law was discussed and applied in Holland Blow Stave Co. v. Barclay, 193 Ala. 200, 69 So. 118.

[3] If the issue of fact in this case were merely whether or not complainant's vendees agreed, on the occasion in question, to assume the payment of the taxes to be assessed against the land for the tax year of 1919–1920, and becoming, without such an agreement, a charge against the legal owner on October 1, 1919, we would be constrained to affirm the finding of the trial court that the purchasers did so agree. The testimony, except that of Lett, was heard orally by the court, and its judgment, like the verdict of a jury, will not be disturbed, unless it is plainly contrary to the great weight of the evidence, and therefore plainly wrong. State ex rel. Seibels v. Farley, 206 Ala. 172, 89 So. 510; Bell v. Blackshear, 206 Ala. 673, 91 So. 576; D. & S. Motor Co. v. State, 212 Ala. 371, 102 So. 805.

But the vital and decisive question is whether the executory contract of sale is

subject to reformation at the suit of complainant, for, if there was no mistake in the terms of that contract, complainant is without right to reform the deed, the obligations of which must be co-extensive with the terms of the executory agreement entered into for the very purpose of defining and limiting the mutual obligations of the parties.

[4] Counsel for complainant are evidently grounding his right to relief upon the proposition that, though the purchasers' agreement to pay the taxes was a parol agreement made after the terms of the sale had been agreed upon and evidenced by their written contract duly signed, it was nevertheless a valid and binding undertaking, operating as an enlargement of the contract, and, prospectively, of the deed also. In support of this view counsel cite Robinson v. Bullock, 66 Ala. 548, Pioneer Sav. Bank v. Nonnemacher, 127 Ala. 521, 546, 30 So. 79, and Andrews v. Tucker, 127 Ala. 602, 29 So. 34, holding that an executory agreement may be modified or altered by the mutual agreement of the parties, without any new or independent consideration. That principle is well settled, but an important limitation must be noted.

The cases cited, and many others, were carefully reviewed by this court in Shriner v. Craft, 166 Ala. 146, 51 So. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, where the true principle of decision was stated by Simpson, J., as follows:

"While there are some expressions in the cases which seem to dispense with the necessity of a consideration to a modification of a contract, yet a modification can be nothing but a new contract, and must be supported by a consideration like every other contract. An analysis of the cases shows that it would be more accurate to say that the *mutual obligations* assumed by the parties, at the time of the modification, constitute a sufficient consideration, and if *one* of the parties does not assume any obligation or release any right, then a promise by the other is a nudum pactum and void." [Italics supplied.]

This principle was fully approved and followed in the later case of Montgomery County v. New Farley Nat. Bank, 200 Ala. 170, 75 So. 918.

[5] Very clearly, if the alleged promise by Kelley and Lett was made after the contract of purchase and sale was complete, it was a purely gratuitous undertaking, and, being without consideration to support it, it did not become an element of the contract, and could not be inserted in the deed without the consent of the promisors.

[6] This, it is true, is a proceeding for the reformation of the deed; but the right to reform the deed by imposing the stated obligation on the purchasers must rest upon the antecedent contract which fixed all the obligations of the parties, unless it has been validly amended since it became effective.

[7] Taking into account the nature of the burden of proof resting upon complainant, complainant's own uncertainty as to whether the agreement in question was made before or after the contract of sale was complete, the clear and precise testimony of Mr. Hawkins that it was after and not before, and that it was not inserted in the contract because it was deemed unnecessary, and the delay of doing so would have incommoded one of the parties who was hurrying to catch a train, and the positive and specific denials of the respondent and his copurchaser that any such agreement was made, we are impelled to the conclusion that the decree of the trial court was based upon a mistaken view of the law. But, if it was based upon a finding of fact, viz. that the tax agreement in question was made before the contract of sale was complete, we think it was contrary to the great weight of the evidence, and ought to be set aside as plainly erroneous.

Our conclusion is that under the evidence complainant does not make out a case for relief, and that relief should be denied.

The decree will therefore be reversed, and one will be here rendered denying relief and dismissing the bill of complaint.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.