The sole issue presented in this case is whether the trial court erred in directing a verdict for International Wood Products, Inc., d/b/a National Wood Products, Inc. ("International Wood"), on Carol J. Kelsoe's claim for breach of contract.[1] We affirm.
Our standard of review requires us to view the evidence in the light most favorable to Kelsoe. See Alabama Power Co. v.Williams, 570 So.2d 589 (Ala. 1990). Viewed in that light, the evidence shows that Kelsoe's employer, International Wood, through Rene Hernandez, Sr., one of the corporation's directors and its major stockholder, promised Kelsoe that it would issue five percent of the corporation's stock (500 shares) to her at par value ($.10 per share). Kelsoe's undisputed trial testimony reflects the nature of that promise:
 "Q. Ms. Kelsoe, you were compensated for your work at International Wood, weren't you?
"A. Yes, sir, I received a check.
"Q. Were you pleased with your compensation?
"A. Yes, sir.
 "Q. Did you think you were compensated well enough for the work you did?
"A. I worked long hours, long hours.
 "Q. My question was did you think that you were adequately compensated for the work you did?
"A. Yes, sir.
 "Q. Ms. Kelsoe, you never entered an agreement with Mr. Hernandez; 'Mr. Hernandez, if I work long and hard and do this' and then he said, *Page 878 
'I'll give you five percent of the corporation,' did you?
"A. No, sir.
"Q. You never had that kind of a bargain, did you?
"A. No, sir.
 "Q. And all the time, all the work you did was part of your normal job?
"A. Yes, sir.
 "Q. And then [on] March 8th, 1988, you were getting a little reward that you didn't really expect, weren't you?
"A. Yes, sir.
 "Q. You didn't expect to get that five percent, but it was nice, wasn't it?
"A. Yes, sir.
"Q. And you didn't expect it, though, did you?
"A. No, sir.
"Q. And you had no reason to expect it?
"A. No, sir.
 "Q. And you just kept right on from March 8th doing your work, didn't you?
"A. That's correct.
 "Q. And you didn't — Your testimony earlier when I talked to you was [that] you didn't do anything different thereafter [from what you would] have done anyway?
"A. The volume increased there.
 "Q. Except [with respect to] the natural increase in workload?
"A. Right.
 "Q. And you didn't stay on [at] International Wood Products, you didn't commit yourself to Mr. Hernandez, 'I'll stay on forever,' did you? Or, 'I'll stay on for five years in return for this?' You left yourself free to quit at any time, didn't you?
"A. Yes, sir, that's correct.
 "Q. You had no other agreement with Rene Hernandez, did you? "A. No, sir.
 "Q. He just up one day and surprised you and said here is five percent of this corporation?
"A. Yes, sir.
 "Q. And then he never gave it to you, did he? He never put it in your hand, did he?
"A. He physically did not put it in my hand.
 "Q. And he never gave you a signed, endorsed stock certificate, did he?
"A. No, sir."
The trial court directed a verdict for International Wood on the ground that there was no consideration for International Wood's promise to issue the stock to Kelsoe. It is a well-settled general rule that consideration is an essential element of, and is necessary to the enforceability or validity of, a contract. 17A Am.Jur.2d Contracts § 117 (1991). It is generally stated that in order to constitute consideration for a promise, there must have been an act, a forbearance, a detriment, or a destruction of a legal right, or a return promise, bargained for and given in exchange for the promise.Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585
(Ala. 1987); 17A Am.Jur.2d, supra, § 113. The undisputed evidence here shows that International Wood's promise to issue the stock to Kelsoe was gratuitous in nature and was prompted only by Kelsoe's past favorable job performance. As such, International Wood's promise was without consideration and created no legally enforceable contract right. 17A Am.Jur.2d, supra, § 162; Kelley v. Spencer, 213 Ala. 612, 105 So. 802
(1925); see, also, 1 Williston on Contracts § 142 (3d ed. 1957); Corbin on Contracts § 114 (1963); J. Calamari and J. Perillo, Contracts § 4-2 (2d ed. 1977).
For the foregoing reasons, the directed verdict for International Wood was proper.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] A second issue raised by Kelsoe concerned whether the trial court had erred to reversal in instructing the jury that a certain document in evidence was not "legal and binding." However, because Kelsoe did not object to this instruction until after the jury had returned its verdict, we cannot reach this issue. Rule 51, Ala.R.Civ.P. *Page 879